## FREDERICK B. FOUNTAIN
### vs.
## FLORA M. CRAMER, ET AL.

Superior Court Middlesex County File #6851

Present: Hon. ALFRED C. BALDWIN, Judge.

Bertrand E. Spencer, Attorney for the Plaintiff.

Cramer & Guthrie, Attorneys for the Defendants.

## MEMORANDUM FILED JUNE 12, 1936.

BALDWIN, J. This is an action for a partition of real estate owned by the plaintiff, the defendant named and the Estate of Anna F. Kone, deceased. The other defendants in the action are her surviving husband (who is Administrator of her estate) individually and her two surviving sons as her heirs.

The defendants Flora M. Cramer and Samuel C. Kone as Administrator and individually plead in abatement upon several grounds, the first two of which relate to service upon Eugene H. and Elliott H. Kone who are the surviving children of the deceased Anna M. Kone.

Eugene H. Kone, presumably reached his majority in April, 1936, shortly after this action was brought, and, presumably, is in Brooklyn, New York, but of his whereabouts the Court is uncertain since it did not appear that the defendants were

over anxious to disclose where he was in order that service could be made upon him. Plaintiff should move for the statutory continuance and an order of notice of the pendency of the action in his case.

Service upon the defendant Elliott H. Kone, who is a minor fifteen years of age, was made by leaving a copy of the writ and complaint duly attested at the domicile of his father, the defendant Samuel. The resident and domicile of Samuel are one and the same thing in this instance and since the residence of the minor is that of the father, although the minor may be temporarily absent from such residence when service was made, such service was good. A guardian ad litem should be appointed for this defendant.

This is a proceeding **in rem;** it is not a proceeding **in personam,** nor is it an action **ex contractu.** Being a proceeding **in rem,** these defendants have no standing to plead in abatement upon the ground of defective service upon the other defendants.

The third ground of the plea is, that since the Estate of Anna F. Kone, owns one-third of the real estate in question and her estate is still in process of settlement, under the provisions of **Section 4952 of the General Statutes** the Probate Court for the District of Hartford, in which her estate is in process of settlement, alone would have jurisdiction.

**Section 4952 of the General Statutes** is not exclusive. The remedy it provides is in addition to the remedy provided in **Section 5922,** under which this action was brought. This action is not brought for a distribution of her estate, nor is it for a partition of her share or interest of the property among her heirs. It is an action for a partition of the entire property among the cotenants, of which her estate is one.

The fourth ground of the plea alleges that the action is, in effect, a demand for a distribution of the property of the estate of Anna F. Kone, and such distribution is wholly within the jurisdiction of the Probate Court and that the action is in conflict with **Section 5930 of the General Statutes.**

As will be seen from the discussion of the third ground of the plea, this action has no concern with the distribution of the deceased's share or interest in the property; it merely distinguishes or sets it out and apart from the other cotenants' shares or interests. Nor does **Section 5930 of the General**

**Statutes** have any relation to the situation with which we are here concerned since that section relates to the partition of property belonging wholly to an estate in process of settlement and provides that no partition or sale in lieu of partition shall be had until such estate shall be ready for distribution.

The fifth and sixth grounds of the plea relate to the lease of the property by these cotenants and rights of removal of certain buildings by the lessee under its lease. The lease and the rights thereunder referred to are no obstacle to the remedy sought. The cotenants are in possession and may bring and pursue the action.

The plea in abatement is overruled.