[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Flaim Enterprises, Inc., from a decision by the Town Plan Zoning Commission (the "Commission") of the Town of Orange. The following facts are alleged in the plaintiff's appeal petition. The plaintiff owns property located in the Town of Orange. On July 3, 1990, George Scarveles, d/b/a First Business Investment, on behalf of plaintiff Flaim, applied to defendant Commission for approval of a site plan application for the construction of additions to an existing building on the property. On September 10, 1990, the defendant Commission approved the application subject to three conditions, two of which are subject to dispute in this appeal. These two conditions were that prior to the issuance of a building permit: (1) the trailers located on the westerly side of the access drive must be removed and, (2) the existing ground sign must conform to all requirements of the Orange Zoning regulations. On September CT Page 1262 17, 1990, the defendant Commission's decision was published in the New Haven Register.
According to the return of service made by James W. Morrissey, Deputy Sheriff for New Haven County, on October 1, 1990, the plaintiff delivered the appeal to the sheriff. The sheriff served the defendant on October 3, 1990. On December 14, 1990, the defendant pursuant to Conn. Practice Bk. 142 and 145 moved to dismiss this appeal for lack of subject matter jurisdiction on the grounds that the plaintiff has failed to exhaust its administrative remedies and has failed to take a timely appeal. The defendant filed a memorandum in support of its motion and the plaintiff filed a memorandum in opposition. Timeliness of the Appeal
The motion to dismiss is the proper procedural means by which a defendant may contest the court's jurisdiction. Conn. Practice Bk. 142 et seq. (rev'd to 1978, as updated to July, 1990). Once the question of lack of jurisdiction of a court is raised, it must be disposed of before proceeding further with the merits of the case. Castro v. Viera, 207 Conn. 420, 429 (1988). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (citations omitted) Cardoza v. Zoning Commission, 211 Conn. 78,82 (1989). "If the appeal period has expired when an appeal is filed the trial court lacks jurisdiction over the appeal." Id.
Conn. Gen. Stat. 8-8(b), as amended byPublic Act 90-286 sec. 1(b), provides that a zoning appeal must be commenced by service of process within fifteen days from the date that notice of the decision was published. The appeal shall be commenced and returned to the court in the same manner as prescribed for civil actions. Id. The defendant argues that although the appeal papers were delivered to the sheriff within the fifteen day period, the defendant was not served until sixteen days after notice of the decision was published and, therefore, the appeal was untimely.
Conn. Gen. Stat. 52-593a provides that:
 (a) Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of CT Page 1263 any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
Thus, according to Conn. Gen. Stat. 52-593a, if the process to be served is personally delivered to a sheriff within the time limited by law, and is then served within fifteen days of delivery, it is timely. Stankiewicz v. Zoning Board of Appeals of the Town of Montville, 2 CSCR 559, 560 (April 21, 1987), Hurley, J.); affm'd 15 Conn. App. 729 (1988); affm'd 211 Conn. 76 (1989). See also Standish v. Town of Rocky Hill Zoning Board of Appeals,4 CSCR 68, 69 (December 2, 1988, O'Connor, J.) (Conn. Gen. Stat.52-593a would have given the plaintiff an additional 15 days within which to file the appeal).
"It is a fundamental principle of statutory construction that statutes are to be construed so that they carry out the intent of the legislature." Caulkins v. Petrillo, 200 Conn. 713, 716
(1986). Furthermore, "it has often been said that the legislative intent is to be found not in what the legislature meant to say, but in the meaning of what it did say. (citations omitted)." Id. at 716-17. "Where . . . the language of the statute is clear and unambiguous, courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for doing so." Simko v. Zoning Board of Appeals, 205 Conn. 413, 418 (1987); modified on other grounds,206 Conn. 374 (1988). If the legislature had intended to exclude administrative appeals pursuant to Conn. Gen. Stat. 8-8 under Conn. Gen. Stat. 52-593a, it would have expressly done so as it did in the case of an appeal from an administrative agency governed by the UAPA, Conn. Gen. Stat. 4-183. (Pursuant to Conn. Gen. Stat. 4-183, a person has 45 days in which to appeal).
Moreover, Conn. Practice Bk. 256 provides that "[f]or purposes of these rules, administrative appeals are civil actions," but "an administrative appeal shall not be deemed an action for purposes of Gen. Stat. 52-591, 52-592 or 52-593." Id. Because Conn. Gen. Stat. 593a was not included as an exception under this practice book section, an administrative appeal should be deemed an action for purposes of this statute. See also Conn. Gen. Stat. 8-8(q) (legislature specifically provides that Conn. Gen. Stat. 52-592 shall not apply to appeals under this section, but does not mention 52-592 shall not apply to appeals under this section, but does not mention 52-593(a). In Mario v. Conservation, 33 Conn. Sup. 172 (1976), which was decided before Conn. Gen. Stat. 52-593a was amended on July 1, 1989, the court, relying on the language in Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 5 (1975), found that Conn. Gen. Stat. 52-593a was applicable to administrative CT Page 1264 appeals. Id. at 176.
Therefore, Conn. Gen. Stat. 52-593a is applicable to zoning appeals pursuant to Conn. Gen. Stat. 8-8a et seq. and extends by fifteen days the time that the sheriff may serve the defendant provided that the process has been personally delivered to the sheriff within the time limited by law. Because the plaintiff delivered appeal to the sheriff on October 1, 1990, fourteen days after the September 17, 1990, published decision, and because the defendant was served on October 3, 1990, which was within the fifteen day extension pursuant to Conn. Gen. Stat. 52-593a, this appeal was timely filed.
Exhaustion of Administrative Remedies
The defendant also argues that because the plaintiff has not appealed the Commission's decision to the Orange Zoning Board of Appeals (hereinafter "ZBA"), the plaintiff has failed to exhaust its administrative remedies and thus the court lacks subject matter jurisdiction. The defendant contends that because the Commission acted in an administrative or ministerial capacity, the applicant was obligated to appeal the decision to the ZBA.
The doctrine of exhaustion of administrative remedies provides that if an adequate remedy exists, it must be exhausted before a judicial challenge to administrative actions will be entertained. Greater Bridgeport Transit District v. CHRO,211 Conn. 121, 131 (1989). The court must decide as a threshold matter whether the exhaustion doctrine requires dismissal of a claim as the doctrine implicates subject matter jurisdiction. Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556
(1987). The principle of exhaustion of administrative remedies is subject to exceptions. For instance, a party need not exhaust an administrative remedy that is inadequate or futile. Conto v. Zoning Commission, 186 Conn. 106, 115 (1982). However, the mere possibility that an administrative agency may deny a party the specific requested relief is not a ground for an exception. Sterling, 204 Conn. at 559.
The defendant argues that an appeal of the Commission's decision to the ZBA was an adequate administrative remedy that the plaintiff did not pursue. The plaintiff retorts that because the Town of Orange Zoning Regulations do not grant authority to the ZBA to hear appeals from the decisions of the Commission, because the Commission delegates zoning enforcement to its zoning enforcement officer, and because the Commission's action was not purely administrative and ministerial, appealing to the ZBA is not an adequate administrative remedy that plaintiff is required to exhaust. Both parties rely on Conto v. Zoning Commission,186 Conn. 106 (1982) to support their position. CT Page 1265
In Conto, the court addressed the issue of whether an aggrieved property owner may appeal a zoning commission's administrative decision directly to the Superior Court or must first appeal to the ZBA. Id. at 107. The zoning commission approved an application for a permit to use a portion of a building as a pizza restaurant. Id. at 108. Plaintiff Conto, abutting landowner, appealed to the Superior Court. Id. The defendants moved to dismiss for lack of jurisdiction on the grounds that the plaintiff failed to exhaust her administrative remedies by not first appealing to the ZBA. Id. The trial court dismissed the appeal and the Supreme Court affirmed. Id. at 108-109.
In arriving at its decision, the Supreme Court addressed three subissues. The court first sought to determine the capacity in which the commission was operating when it granted the application for the zoning permit. Conto, 186 Conn. at 110. The court noted that the town regulations provided that the zoning commission itself was the property was not a single-family residence. Id. The court thus found that it should review the commission's enforcement action as an aspect of its exercise of its administrative capacity. Id. at 111.
The second issue the court sought to resolve was whether the town zoning regulations could legally provide that appeals from enforcement decisions of a town zoning commission must be taken first to the ZBA. Id. at 113. According to the town zoning regulations, the town empowered its ZBA to decide appeals where there was an alleged error in any order or decision made by the zoning commission or its enforcement officer. (emphasis added) Id. at 113. The court found that Conn. Gen. Stat. 8-6 does not preclude review by a zoning board of appeals of the action of a commission. Id. at 113-14. Therefore, because the plaintiff had an available avenue for relief through the ZBA, she failed to exhaust that remedy. Id. at 114.
Finally the court found that as long as the plaintiff could ultimately appeal to a court of law, the regulations complied with Conn. Gen. Stat. 8-8, 8-9, and 8-10. Id. at 115-16. In sum, "[s]ince the zoning commission's decision to issue a use permit was an enforcement action falling under 8-6, Washington is free to authorize an appeal of that decision to its zoning board of appeals by means of 18.1.1. General Statutes 8-10 creates no impediment to such a local enactment." Id. at 117-18.
Following the line of reasoning in Conto, in the case at bar to determine whether an appeal to the ZBA was an adequate remedy available to the plaintiff, two issues must be decided: (1) whether the Commission was acting as the official for the enforcement of the zoning regulations when it approved the site CT Page 1266 plan application subject to the three conditions; and (2) whether the Orange zoning regulations authorize appeal to the ZBA from a decision of the Commission regarding site plan approval.
According to the Town of Orange Zoning Regulations (as amended to January 5, 1989), administrative approval of site plans requires that the site plan be submitted to the Zoning Enforcement Officer along with an Application for a Certificate of Zoning; Compliance. Orange Regulations 31.-1-31.2. The Zoning Enforcement Officer is a person appointed by the Commission and has the responsibility of enforcing the provisions of the regulations in accordance with any administrative rules and procedures established by the Commission. Orange Regulations 3.1. "Upon receipt, the Zoning Enforcement Officer shall transmit the site plan and Application for a Certificate of Zoning Compliance to the Commission. Within 60 days after receipt of a complete site plan and Application by the Commission, it shall either approve, approve subject to modifications or disapprove the site plan." Orange Regulations 31.13. If the Commission fails to act within the 60 day period, the Zoning Enforcement Officer shall enforce the standards specified in 31.4.1-31.4.5.
Pursuant to section 4 of the Orange Zoning Regulations "[t]he Zoning Board of Appeals shall have all of the powers and duties prescribed by the General Statutes of the State of Connecticut and by these Regulations." Id. at 4.1. With regard to deciding appeals the Zoning Board of Appeals has the following powers and duties:
 To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the Zoning Enforcement Officer. Such appeals shall be made within 15 days of the decision of the Zoning Enforcement Officer by the person, firm, corporation or entity to whom said decision has been directed.
(emphasis added). Id. at 4.2.1. Pursuant to Conn. Gen. Stat.8-6, the zoning board of appeals has similar powers and duties in that the board shall "hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter." Id.
The defendant cites recent Superior Court cases which purportedly confirm its position that an aggrieved person must first appeal to the ZBA when appealing a zoning commission's administrative decision. However, these cases can be CT Page 1267 distinguished from the case at bar. See Ogalin v. Planning Zoning, 1 Conn. L. Rptr. 712, 713-14 (June 6, 1990, Fuller, J.) (Court found that the Commission had reserved to itself the right to perform the dual function of zoning commission and zoning enforcement officer in its capacity of reviewing and denying an application for a zoning certificate of approval or a zoning permit); Leo Fedus Sons Construction, Inc. v. Zoning Board of Appeals, 2 CTLR 467, 469 (November 5, 1990, Hurley, J.) (Zoning regulations of the Town of Colchester provided that a person may appeal to the ZBA when there is an alleged error in a decision by the Commission or the Zoning Enforcement Officer). But see Castellon v. Board of Zoning Appeals of the Town of Branford,1 Conn. L. Rptr. 719 (June 7, 1990, Clark, J.) (Commission was acting in an administrative capacity when determining whether plan complied with the site plan complied with the site plan regulations and applicable zoning regulations and, thus, plaintiff should first appeal to the ZBA even though the town zoning ordinance does not authorize such an appeal).
In the case at bar, the Orange Plan and Zoning Commission pursuant to the Orange Zoning Regulations, supra, was not functioning as a zoning enforcement officer nor was it the official charged with the enforcement of the zoning regulations when it was acting in its capacity of approving or disapproving the site plan application. Furthermore, pursuant to Section 4.2.1 of the Orange Zoning Regulations, the ZBA does not have the power to hear and decide appeals when there is an alleged error in a decision made by the zoning commission. Thus, appealing first to the Orange Zoning Board of Appeals is not an adequate remedy that the plaintiff must exhaust. Conn. Gen. Stat. 8-9 allows appeals from zoning commissions and planning and zoning commissions to be taken to the Superior Court. It is, therefore, determined that the plaintiff has exhausted its administrative remedies and the court has jurisdiction to hear this matter.
Accordingly, because this appeal has been timely filed and because the plaintiff has exhausted its administrative remedies, the motion to dismiss is denied.
DONALD W. CELOTTO, JUDGE