[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant filed its Motion To Dismiss and memorandum on April 21, 1993; the plaintiff's written objection followed. On July 19, 1993, after oral argument, Judge Fracasse requested supplemental memoranda. On October 4, 1993, this court heard oral CT Page 10477 argument.
The defendant has raised three issues in support of its motion to dismiss: (1) lack of in personam jurisdiction; (2) improper venue, and (3) the doctrine of forum non conveniens. The defendant's arguments are unpersuasive for the following reasons.
A Motion to dismiss is the proper vehicle to assert lack of in personam jurisdiction. Hill v. W.P. Grace Co., 42 Conn. Sup. 25,27 (1991). "Any claim of lack of jurisdiction over the person is waived if not raised by a motion to dismiss . . . within the tune [sic] provided by sec. 142." Afflerbach v. Furry, 2 Conn. L. Rptr. 762, 763 (November 9, 1990, Hennessey, J.). To contest the jurisdiction of the court the defendant must file a motion to dismiss within thirty days of filing an appearance. Parent v. Parent, 2 CSCR 276 (February 12, 1987, Purtill, J.). The issue of personal jurisdiction was not raised within thirty days of the date the defendant filed an appearance as required by Practice Book 142. Therefore, defendant waived any claim of lack of jurisdiction pursuant to Practice Book 144.
"The motion to dismiss shall be used to assert improper venue." Shoztic v. Loeb, 4 CSCR 67 (November 30, 1989, Ryan, J.).
General Statutes 51-345 states in pertinent part:
 (a) . . . [A]ll civil process shall be made returnable to a judicial district, as follows:
 (3) if either . . . the plaintiff or defendant are residents of this state, to the judicial district where either the plaintiff or defendant resides. . . .
(Emphasis supplied).
General Statutes 51-344 provides:
 For the purposes of establishing venue, the superior court shall consist of the following judicial districts: . . . (7) the judicial district of New Haven, consisting of . . . North Haven. . . .
Because the plaintiff is a resident of Connecticut in the town CT Page 10478 of North Haven and his process was returnable to the judicial district of New Haven, venue is proper.
"The motion to dismiss may be used to raise the doctrine of forum non conveniens." (Citation omitted.) Afflerbach v. Furry, supra at 763. "The common law principle of forum non conveniens provides that a court `may resist imposition upon its jurisdiction' even when it has jurisdiction." (Citation omitted.) Id.
"[T]he central principle of the forum non conveniens doctrine [is] that, `unless the balance is strongly in favor of the defendant, the plaintiffs [sic] choice of forum should rarely be disturbed.'" (Citation omitted.) Picketts v. International Playtex, Inc., 215 Conn. 490, 500 (1990). "`[T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be good one, [sic] or even a better one than the plaintiff's chosen forum.'" Id. The contention "that Connecticut has no genuine connection with these cases except that the plaintiff has chosen its `home state' as the forum . . . is a very important `except', [sic] according to Picketts." Xerox Corp. v. Axel Johnson Energy Dev., 8 Conn. L. Rptr. 551, 554 (April 2, 1993, Lewis, J.). "It is difficult to imagine after Picketts that the granting of a forum non conveniens motion would ever be sustained [in Connecticut]." Id. "Thus, the trial court's `thumb' which, according to the Supreme Court, must be placed `firmly on the plaintiff's side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum . . .' may not be adjusted to decrease `the downward pressure' in the instant action because [the plaintiff] has chosen its own home forum." (Citations omitted.) Id.
The defendant's arguments have not demonstrated the need for the application of the doctrine of forum non conveniens. The defendant has not submitted any affidavits regarding inconvenience to the witnesses, thus it has not met its burden of persuasion on that issue. Further the plaintiff is a resident of Connecticut, and his choice of forum should be accorded great weight. Finally, the defendant has not proven that the hardship of trying the case in Connecticut as opposed to New York is extreme or even exists.
Accordingly, the defendant's Motion To Dismiss is denied.
Robert A. Martin, Judge CT Page 10479