MARGARET CONTO *v.* ZONING COMMISSION OF THE TOWN OF WASHINGTON ET AL.

SPEZIALE, C. J., PETERS, PARSKEY, ARMENTANO and SHEA, Js.

Argued November 10, 1981—decision released January 26, 1982

*Robert L. Fisher, Jr.,* for the appellant (plaintiff).

*Thomas P. Byrne,* for the appellee (named defendant).

*Brian A. Barnes,* for the appellee (defendant Nikolaos Tsetsos).

PETERS, J. The issue in this case is whether an aggrieved property owner may appeal a zoning commission's administrative decision directly to the Superior Court or must first appeal to the zoning board of appeals. The plaintiff, Margaret Conto, appealed from the issuance by the defendant zoning commission of the town of Washington of a permit authorizing conversion by the defendant Nikolaos Tsetsos of a neighboring building to a pizza restaurant.[1] The trial court dismissed the plaintiff's action for lack of jurisdiction, and the plaintiff appeals from that dismissal.

---

[1] The owners of the property, Bertram and Clare Read, were also named as defendants.

The facts are not disputed. Margaret Conto owns property in the town of Washington, abutting property owned by Bertram and Clare T. Read. In June 1980, Tsetsos applied to the Washington zoning commission for a permit to use a portion of a building on the Read property as a pizza restaurant. The zoning commission approved the application in July 1980, and the following month the plaintiff brought an appeal in the Superior Court, naming as defendants the Washington zoning commission, the Washington zoning board of appeals, the Reads, and Tsetsos. The plaintiff's complaint charged that Tsetsos and the zoning commission had violated numerous town regulations and state statutes.

Separate motions to dismiss on the ground that the Superior Court lacked jurisdiction to hear the appeal were filed by the zoning commission on September 24, 1980, and by Tsetsos on October 27, 1980. Both motions were granted by the trial court on November 26, 1980. In its memorandum of decision, the trial court ruled that since the zoning commission was acting to enforce the town zoning regulations when it approved Tsetsos' application, both state statutes and town regulations required the plaintiff to exhaust her administrative remedies by appealing the commission's decision first to the zoning board of appeals and only then, if denied relief, to the Superior Court.

The plaintiff raises three issues in her appeal to this court. First, she claims that the zoning commission was not acting to enforce zoning regulations when it issued the permit and consequently the zoning board of appeals had no jurisdiction to review that decision. Second, she claims that General Statutes § 8-6 precludes Washington from interposing

its own requirement of a local appeal between the commission's decision and the plaintiff's appeal to the Superior Court. Third, she claims that General Statutes §§ 8-9 and 8-10 together give the court immediate jurisdiction to hear her appeal. We reject all three claims.

## I

The plaintiff's first stated issue in this appeal centers on the nature of the action taken by the Washington zoning commission. The plaintiff maintains that because this action differed from mere enforcement of zoning regulations, there was no basis for review by the zoning board of appeals under the relevant legislation.

A zoning commission is a protean body with the capacity to act either legislatively or administratively. General Statutes §§ 8-2, 8-3;[2] *Burke* v. *Board of Representatives,* 148 Conn. 33, 38, 166 A.2d 849 (1961); *Florentine* v. *Darien,* 142 Conn. 415, 431, 115 A.2d 328 (1955). Acting in its administrative capacity, a zoning commission may exercise plan-

---

[2] General Statutes § 8-2 provides, in relevant part: "REGULATIONS. The zoning commission of each city, town or borough is authorized to regulate, within the limits of such municipality, the height, number of stories and size of buildings and other structures; the percentage of the area of the lot that may be occupied; the size of yards, courts and other open spaces; the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purposes, and the height, size and location of advertising signs and billboards. . . ."

General Statutes § 8-3 provides, in relevant part: "ESTABLISHMENT AND CHANGING OF ZONING REGULATIONS AND DISTRICTS. ENFORCEMENT OF REGULATIONS. BUILDING PERMITS. SITE PLANS. (a) Such zoning commission shall provide for the manner in which regulations under section 8-2 and the boundaries of zoning districts shall be respectively established or changed. . . . (e) The zoning commission shall provide for the manner in which the zoning regulations shall be enforced. . . ."

ning and zoning functions. General Statutes § 8-4a;[3] *Vose* v. *Planning & Zoning Commission,* 171 Conn. 480, 483, 370 A.2d 1026 (1976); *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 472–73, 226 A.2d 509 (1967); see 1 Davis, Administrative Law Treatise (2d Ed. 1978) § 2.4, pp. 70–71. Because of the proliferation of a zoning commission's responsibilities, it is important to determine, at the outset, the capacity in which the commission is operating in a particular case. In the present proceedings, the first question before us is how to characterize the action of the commission when it granted the Tsetsos application for a zoning permit to operate a commercial establishment.

The trial court concluded that, pursuant to the regulations of the town of Washington, the zoning commission was acting as an enforcement agency in this case. Town regulations provided that the zoning commission itself was required to act on zoning applications for a permitted use whenever the subject of the application was property other than a single-family residence. Washington Zoning Regulations §§ 2.3.2 and 2.3.4.[4] The plaintiff concedes that the Tsetsos permit application required commission approval because it did not fall within

[3] General Statutes § 8-4a provides, in relevant part: "ZONING OR PLANNING COMMISSION MAY BE DESIGNATED AS PLANNING AND ZONING COMMISSION. Any town, city or borough, unless otherwise provided by special act, may by ordinance or by vote of its legislative body designate its zoning commission or its planning commmission as the planning and zoning commission for such municipality, and such commission shall thereupon have all the powers and duties of both a planning commission and a zoning commission and shall supersede any previous planning commission or zoning commission, as the case may be."

[4] Washington Zoning Regulations §§ 2.3.2 and 2.3.4 provide as follows: Sec. 2.3.2. "The Zoning Commission shall administer these Regulations. The Zoning Commission may appoint a Zoning Enforcement Officer to determine violation of these Regulations, to order

the exception for single-family residences. Our cases make it clear that a commission acts in an administrative capacity when its function is "to determine whether the applicant's proposed use is one which satisfies the standards set forth in the regulations and the statutes." *Goldberg* v. *Zoning Commission*, 173 Conn. 23, 29, 376 A.2d 385 (1977); *Housatonic Terminal Corporation* v. *Planning & Zoning Board*, 168 Conn. 304, 307, 362 A.2d 1375 (1975); *Armstrong* v. *Zoning Board of Appeals*, 158 Conn. 158, 168–69, 257 A.2d 799 (1969). It is therefore apparent that in this case we should review the commission's enforcement action as an aspect of its exercise of its administrative capacity. See Tondro, Connecticut Land Use Regulation, p. 211 (1979).

The plaintiff seeks to rebut this characterization by denying the commission's authority to act as an enforcement agency in general and in this case in particular. As to the general argument, we find nothing in the statutes to invalidate the town's regulation that vests in the commission enforcement power over nonresidential zoning. On the contrary, General Statutes § 8-3 (e) expressly permits zoning

corrections or termination of such violations and to perform other functions as delegated by the Commission. . . ."

Sec. 2.3.4. "Applications for a zoning permit for permitted single-family dwellings and accessory buildings or expansions or additions to such buildings in residential lots may be approved by the Zoning Enforcement Officer or in his absence by the Commission Chairman (or in the Chairman's absence, the Secretary) provided such application meets the requirements of these Regulations. Applications for all other permits, including all SPECIAL PERMITS, shall be reviewed by the Commission and shall be submitted together with a site plan as prescribed in Section 14 of these Regulations, to the Zoning Enforcement Officer at least ten days prior to a regular meeting of the Commission. The Commission shall approve such applications after finding that all aspects of the proposed uses conform to the spirit as well as the letter of these Regulations."

commissions to "provide for the manner in which the zoning regulations shall be enforced." Although the statutes permit delegation of authority to a zoning enforcement officer; see, e.g., General Statutes § 8-3 (f), 8-11a, 8-12; 3 Rathkopf, Law of Zoning and Planning (4th Ed. 1981) § 45.01; they do not expressly or by implication require such a delegation.[5] Nor do we find, on this record, any basis other than the plaintiff's unsupported allegation to conclude that the commission's action involved some exercise of discretion, such as that involved in a special permit, that might take this case out of the normal enforcement pattern for permitted uses.

[5] General Statutes § 8-3 (f) provides as follows: "No building permit shall be issued for a building, use or structure subject to the zoning regulations of a municipality without certification in writing by the official charged with the enforcement of such regulations that such building, use or structure is in conformity with such regulations or is a valid nonconforming use under such regulations."

"[General Statutes] Sec. 8-11a. DISQUALIFICATION OF BOARD MEMBER AS ENFORCEMENT OFFICER. No person may serve as zoning enforcement officer in any municipality wherein he is a member of the zoning board of appeals."

General Statutes § 8-12 provides, in relevant part: "PROCEDURE WHEN REGULATIONS ARE VIOLATED. If any building or structure has been erected, constructed, altered, converted or maintained, or any building, structure or land has been used, in violation of any provision of this chapter or of any bylaw, ordinance, rule or regulation made under authority conferred hereby, any official having jurisdiction, in addition to other remedies, may institute an action or proceeding to prevent such unlawful erection, construction, alteration, conversion, maintenance or use or to restrain, correct or abate such violation or to prevent the occupancy of such building, structure or land or to prevent any illegal act, conduct, business or use in or about such premises. Such regulations shall be enforced by the officer or official board or authority designated therein, who shall be authorized to cause any building, structure, place or premises to be inspected and examined and to order in writing the remedying of any condition found to exist therein or thereon in violation of any provision of the regulations made under authority of the provisions of this chapter or, when the violation involves grading of land or the removal of earth, to issue, in writing, a cease and desist order to be effective immediately."

## II

The second issue that we must resolve is whether town zoning regulations could legally provide that appeals from enforcement decisions of a town zoning commission must, in the first instance, be taken to the town's zoning board of appeals. The town purported to empower its zoning board of appeals "[t]o hear and decide appeals where it is alleged that there is an error in any order or decision made by the Zoning Commission or its Enforcement Officer." Washington Zoning Regulations § 18.1.1. The trial court held that this provision provided the plaintiff with an administrative remedy which she was required to exhaust before she could appeal to the Superior Court.

The plaintiff contends that § 18.1.1 is invalid because it violates the provisions of General Statutes § 8-6. Under § 8-6, "[t]he zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ." The plaintiff maintains that the words "the official" in § 8-6 preclude review by a zoning board of appeals of the action of a commission. We do not agree.

The reference in § 8-6 to "the official" must be read in conjunction with the language of other sections of chapter 124 of the General Statutes. General Statutes § 8-8 speaks of "any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or

decision of said board," and General Statutes § 8-12 provides that zoning regulations "shall be enforced by the officer or official board or authority designated therein . . . ."[6] These statutory provisions demonstrate that the legislature has not required the towns to designate a single enforcement officer but has rather, consistently with § 8-3 (e), allowed the towns to choose the manner and "the official" for the enforcement of zoning regulations. Read in context, § 8-6 authorizes zoning boards of appeals to review the actions of any local officer, board or commission that has been designated by local regulations to be "the official charged with the enforcement" of local zoning regulations. See *Caulfield* v. *Noble*, 178 Conn. 81, 93, 420 A.2d 1160 (1979); *Frazier* v. *Manson*, 176 Conn. 638, 642–43, 410 A.2d 475 (1979).

Since the Washington zoning board of appeals affords the plaintiff an available avenue for relief, she must, according to well established principles of zoning law, exhaust that remedy before appealing to a court of law. *Astarita* v. *Liquor Control Commission*, 165 Conn. 185, 190, 332 A.2d 106 (1973); *Holt-Lock, Inc.* v. *Zoning & Planning Commission,*

[6] General Statutes § 8-8 provides, in relevant part: "APPEAL FROM BOARD TO COURT. REVIEW BY SUPREME COURT. Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."

For the text of General Statutes § 8-12, see footnote 5, supra.

161 Conn. 182, 186, 286 A.2d 299 (1971); 4 Anderson, American Law of Zoning (2d Ed. 1977) § 25.25. There are established exceptions to this principle. A party need not exhaust an inadequate or futile administrative remedy; *Kosinski* v. *Lawlor,* 177 Conn. 420, 425, 418 A.2d 66 (1979); *Corsino* v. *Grover,* 148 Conn. 299, 308, 170 A.2d 267 (1961); further, a court will not deny access to injunctive relief when local procedures cannot "effectively, conveniently and directly determin[e] whether the plaintiffs are entitled to the relief claimed." *Bianco* v. *Darien,* 157 Conn. 548, 555, 254 A.2d 898 (1969). In light of the broad powers conferred upon the Washington zoning board by the relevant regulations and statutes, none of these exemptions provides a basis for an immediate judicial hearing since the board of appeals could provide her full relief.[7] This case is distinguishable from *Helbig* v. *Zoning Commission,* 185 Conn. 294, 315–20, 440 A.2d 940 (1981), on which the plaintiff relies, because the plaintiff here has not alleged any constitutional defect in the regulations whose enforcement is at issue.

## III

The plaintiff's final claim is that review by the zoning board of appeals is not required because General Statutes § 8-9 always permits an aggrieved party direct access to the Superior Court. That section provides, without limitation, that "[a]ppeals from zoning commissions and planning and zoning commissions may be taken to the superior court and, upon certification for review, to the supreme court

[7] Although the plaintiff's complaint asks "[s]uch other and further relief as in law and equity may appertain," her accompanying request for reversal of the zoning commission's decision adequately and effectively meets her grievance.

in the manner provided in section 8–8." Section 8–9 is reenforced, it is argued, by § 8–10 which assigns to the provisions of §§ 8–8 and 8–9 precedence over any inconsistent municipal regulations or special acts.[8] The effect of these sections, according to the plaintiff, is that all zoning commission decisions are always immediately reviewable by the Superior Court because the town of Washington is barred from imposing any intermediate appeal to its board of zoning appeals.

The plaintiff's interpretation of General Statutes § 8-10 mistakes both its text and the legislative purpose it embodies. Section 8–10, originally adopted in 1953, has been construed several times by this court. We have stated that when that provision "is read in the light of its legislative history and policy it becomes abundantly clear that the legislative intent was to create a uniform right of appeal from every zoning board of appeals, zoning commission, planning and zoning commission or other final zoning authority in the state regardless of whether the commission was acting under the general enabling act or under the provisions of a special act. *Sullivan* v. *Town Council,* 143 Conn. 280, 286, 121 A.2d 630 [1956]. 'By adopting the provisions of § 8-10 the legislature evidenced its intention to make the provisions of §§ 8-8 and 8-9 applicable to every municipality in the state.' *Puskarz* v. *Zoning Board of*

---

[8] "[General Statutes] Sec. 8-10. APPEALS PROCEDURE TO APPLY TO ALL MUNICIPALITIES. The provisions of sections 8–8 and 8–9 shall apply to appeals from zoning boards of appeals, zoning commissions or other final zoning authority of any municipality whether or not such municipality has adopted the provisions of this chapter and whether or not the charter of such municipality or the special act establishing zoning in such municipality contains a provision giving a right of appeal from zoning boards of appeals or zoning commissions and any provision of any special act, inconsistent with the provisions of said sections, is repealed."

*Appeals,* 155 Conn. 360, 365, 232 A.2d 109 [1967]."
*Weigel* v. *Planning & Zoning Commission,* 160 Conn.
239, 249, 278 A.2d 766 (1971). The uniformity
intended is the availability of judicial review for
all final zoning decisions, whatever the nature of the
local body making them or the enabling legislation
under which it acts. See Tondro, Connecticut Land
Use Regulation, pp. 15–16, 215 (1979).

The statute explicitly accommodates diverse local
systems by mandating application of §§ 8-8 and 8-9
to "appeals from zoning boards of appeals, zoning
commissions or other final zoning authority . . . ."
Since § 8-8 provides for appeals from boards of
appeals and § 8-9 for appeals from commissions,
either route satisfies the uniformity requirement
of § 8-10. It is clear that § 8-10 does not intend to
prohibit local arrangements by which a commission
decision may be appealed to a board of appeals, so
long as review by the Superior Court is ultimately
available. The plaintiff's argument would trans-
form a statutory right to review into a statutory
command that all communities adopt identical pro-
cedures. This view is in obvious conflict with the
purpose of chapter 124 to establish guidelines and
supervision for local zoning without mandating a
uniform statewide procedure.

Since the zoning commission's decision to issue
a use permit was an enforcement action falling
under § 8-6, Washington is free to authorize an
appeal of that decision to its zoning board of
appeals by means of § 18.1.1.[9] General Statutes
§ 8-10 creates no impediment to such a local enact-

---

[9] We do not need to consider at this time what commission decisions
might give rise to conflict between the zoning board's authority to
review under § 18.1.1 and its defined powers under General Statutes
§ 8-6.

ment. Since both General Statutes § 8-6 and Washington Zoning Regulations § 18.1.1 provide the plaintiff with an appellate step between the commission and the Superior Court, the trial court was correct in ruling that the plaintiff had failed to exhaust her administrative remedies.

There is no error.

In this opinion the other judges concurred.