[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, The Upjohn Company ("Upjohn") appeals from the decision of the defendant, the Planning and Zoning Commission of the Town of North Haven ("Commission") denying its applications for approval of a site improvement plan and of a coastal site plan and for issuance of an excavation permit and a fill permit. All of the approvals sought by Upjohn related to its implementation of a plan to install a permanent cap on an existing pile of chemical sludge on its property at 410 Sackett Point Road in North Haven and to "close" the sludge pile in a manner which would leave the pile permanently on the site.
The court finds that Upjohn, as the owner of the property and applicant for the approvals and permits, has established aggrievement.
Upjohn filed its applications on August 8, 1990, and the Commission held a public hearing to consider them on September 10, 1990. The Commission voted to deny each of the applications stating as its reason that the existence of the sludge pile to which the applications related constituted an ongoing zoning violation on the premises. Notice of the Commission's decision was published in the New Haven Register on September 19, 1990, and this appeal from the denial of its applications was timely filed by Upjohn. CT Page 2050
Upjohn claims that the Commission acted arbitrarily, capriciously and in excess of its statutory powers in the following respects:
 1. The outside disposal of solid sludge waste is an accessory use incidental to its chemical manufacturing business and is a permitted use in the Industrial District IG-80 zone in which the property is located and therefore did not constitute a zoning violation as claimed by the Commission.
 2. The closure plan for the hazardous waste at issue was approved by state and federal environmental regulatory agencies and such approval preempts enforcement of North Haven's zoning regulations.
 3. The applications met all the legal requirements and the Commission acted in excess of its statutory authority in denying them on the basis of a finding of an existing zoning violation on the premises.
 4. The Commission failed to consider the beneficial effects of the closure plan as required by 22a-92 and -106 C.G.S.
 5. The finding that the sludge pile constituted a zoning violation was not supported by reliable, probative and substantial evidence in the record and Upjohn was not advised that the Commission would consider this and was thereby deprived of an opportunity to present evidence to rebut this finding.
I NOTICE
The public hearing on Upjohn's applications opened with an explanation by Upjohn of its reasons for seeking permits for interim closure of the sludge pile that had in fact already been accomplished (Doc. 21, p. 16-17) and for further work to achieve final closure of the pile. Early in the hearing, the Town Counsel, Robert Ciulla, reminded the Commission of the history of the sludge pile, noting that in 1983 the Commission had determined that the pile constituted a zoning violation and should be removed from the site (Doc. 21, pp. 18-20). Attorney Ciulla stated that Upjohn was taking the position that the sludge pile was an accessory use to its chemical manufacturing facility and that the Commission had in past litigation taken the position that the maintenance of a sludge pile covering four acres of the site was not an accessory use but constituted a use not authorized by the zoning regulations (Doc. 21, pp. 26-27). Attorney Ciulla told the CT Page 2051 Commission that granting the permits to close the pile would be a reversal of the positions taken by the Commission in three pending administrative appeals and in an injunction action that had been instituted by the Town and pursued to conclusion in United States District Court.
This preamble, along with its own familiarity with the position taken by the Commission since 1983, put Upjohn on notice that in reviewing its application the Commission would consider the maintenance of the sludge pile to be a violation. Upjohn was provided with a further opportunity to be heard (Doc. 21, p. 56) and introduced no evidence to contradict Attorney Ciulla's admonition that the maintenance of the pile could be considered a zoning violation. Rather, Upjohn's spokesperson, Attorney Parese, invited the Commission to "decide the application before you this evening on the basis of the regulations of this Commission. . ." (Doc. 21, p. 57).
Upjohn has cited no authority in support of its contention that a zoning authority must identify in advance the ground upon which it ultimately denies an application. Even if such a proposition were accepted, the record indicates that Upjohn was well aware, both because of Attorney Ciulla's remarks and because of the Commission's position in Upjohn v. North Planning and Zoning Commission, Docket No. 250632 (Superior Court for New Haven Judicial District at New Haven), which was pending at the time of the applications at issue here, that the Commission considered the sludge pile a use not authorized by the zoning regulations. Upjohn had ample opportunity to present any evidence to establish that the use was in fact a permitted accessory use but did not do so.
There is no merit to Upjohn's claim that it was denied an opportunity to address the consideration on which the Commissioner based its denial of the applications.
II THE COMMISSION'S DETERMINATION
A planning and zoning commission acts in an administrative capacity when, upon considering a permit application, it determines whether the applicant's proposed use is one which satisfies the standards set forth in the zoning regulation. Norwich v. Norwalk Silbert Vault Co., 208 Conn. 12 (1988); Conto v. Zoning Commission, 186 Conn. 106, 111 (1982); Goldberg v. Zoning Commission, 173 Conn. 23, 25 (1977).
Where a zoning authority has stated its reasons for denial of an application for site plan approval, the reviewing court must determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations CT Page 2052 which the authority was required to apply under the zoning regulations. Goldberg v. Zoning Commission, supra, at 25-26; DeMaria v. Planning and Zoning Commission, 159 Conn. 534, 540
(1970).
A zoning commission may resort to and rely on a town zoning map, Burnham v. Planning and Zoning Commission, 189 Conn. 261, 267
(1983), and the record supports the Commission's determination that a waste pile of four acres (denominated a "landfill" in Upjohn's application, Doc. 26, DD 1826-A) was not a permitted use in the zone in which the Upjohn property is located.
Pursuant to Section 6 of the North Haven zoning regulations, the Commission determined that Upjohn's site was, at the time of the applications, in an industrial district. The permitted uses for such a district are restricted to those indicated by check marks in a table of permitted uses for the various zones. Pursuant to Section 6 "[n]o use shall be permitted in any Commercial or Industrial District except one which is indicated by a check mark . . . applicable to the district in which such use is located." The permitted uses set forth in 6.1.1.-6.1.74, for the district in which Upjohn's property is located do not include a landfill or storage of sludge or chemical waste.
The evidence on the record supports the determination that the maintenance of a four-acre sludge pile does not constitute an accessory use pursuant to 6.1.71 of the regulations, which permits "accessory uses customarily incidental to a permitted use on the same premises." If the permanent storage of waste produced by a permitted use were construed to be an accessory use, each and every household and business that produced trash or debris would be entitled to maintain a permanent landfill on its premises. Since several of the explicitly permitted uses enumerated in Section 6 of the zoning regulations concern storage of various substances, long term storage of waste in bulk cannot logically be viewed as a generally authorized accessory use. (See 6.1.55, 6.1.65, 6.1.66, 6.1.67, 6.1.72).
The Commission acted within its discretion in determining that establishment of a four-acre landfill for chemical waste was not an accessory use within the standard of Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 512-13 (1969). Upjohn has not demonstrated that the conclusion of the zoning authority that the sludge pile was not a permitted use or an accessory use is not reasonably supported by the record or that the Commission acted illegally, arbitrarily or in abuse of its discretion in so finding. Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440
(1979).
Upjohn claims that the Commission exceeded its powers by CT Page 2053 failing to grant its applications on the basis of their facial compliance with Section 8 of the zoning regulations and by denying them for reasons related to the use of the improvements rather than restricting its inquiry to the technical correctness of the plans.
Section 8.3 of the zoning regulations provides that
 The Commission in considering and reviewing the application and in arriving at its decision shall be guided by and take into consideration the public health, safety, general welfare and general effect of the same on the neighborhood, the duration of operations, future usefulness of the premises, the impact of vehicular traffic in the area, and such other factors as may bear upon or relate to the coordinate adjusted and harmonious physical development of the Town of North Haven.
Where excavation permits and other approvals are sought in order to establish or continue a use that is not permitted under the zoning regulations, the commission is plainly warranted to deny them pursuant to the standard set forth in 8.3 of the regulations, since enforcement of the limitations upon uses of land for various zones is indisputably a method of addressing the considerations set forth above.
The situation at issue here is entirely distinguishable from the denials which this court disapproved in Upjohn Company v. North Haven Planning and Zoning Commission, Docket No. 280709 (Superior Court for the New Haven Judicial District at New Haven, February 22, 1991). In that prior appeal, the Commission cited the existence of the sludge pile as a zoning violation as a reason for denying permission for site improvements unrelated to the sludge pile. Here, all of the applications were in aid of Upjohn's purpose of making the sludge pile a permanent use on the property, and the Commission was within its discretion in denying permission for activities directly related to maintaining an illegal use of the property.
EPA/DEP APPROVAL OF CLOSURE
Upjohn contends that because state and federal environmental authorities approved its plan to cope with the sludge pile by closing it on site, the Commission is precluded from refusing to grant permits to effectuate such closure.
Upjohn's claim of preemption is not supported by any showing that the federal and state environmental authorities have ever ruled that capping the pile is the only environmentally sound CT Page 2054 means of addressing it and there is therefore no basis for a finding that enforcement of zoning regulations is in direct conflict with an enforcement action of these agencies. In North Haven Planning and Zoning Commission v. Upjohn Company, 921 F.2d 32, 28 (2d Cir. 1990), the U.S. Court of Appeals for the Second Circuit upheld a federal trial court determination that the federal Resource Conservation Recovery Act (RCRA) did not preempt local zoning regulations with regard to the sludge pile and noted that "EPA and DEP responded to public comments and questions by stating that if the Connecticut courts upheld a ruling that Upjohn's current plan [closure] would violate zoning regulations, Upjohn would have to submit to EPA and DEP a new plan for review and approval." Id.
Upjohn's reliance on Ensco Inc. v. Dumas, 807 F.2d 743 (8th Cir. 1986) is misplaced. In that case, the municipality enacted an ordinance after and in conflict with an EPA plan for the incineration of certain waste at the kind of facility already existing in the municipality. In Ogden Environmental Services v. City of San Diego, 687 F. Sup. 1436, 1445 (S.D. Cal. 1988), on which Upjohn relies, the court noted that RCRA did not preempt the municipal requirement for conditional use permits per se but found that a city's use of review of such permits to come to a conclusion contrary to an EPA determination as to general health and safety issues is impermissible. This holding does not recognize preemption where, instead, a zoning authority is exercising an independent duty to regulate the location within a town of the various permitted uses.
Contrary to Upjohn's argument, the fact that North Haven permits some waste storage upon prior application and approval pursuant to 3.27.2.24 of its zoning regulations does not entitle Upjohn to approval of its decision to create and to make permanent a pile of waste for which approval was neither sought nor granted.
On the record presented, the court finds no reason not to adopt the view of the Second Circuit that the application of the North Haven zoning regulations is not preempted by RCRA or by state law in the situation presented.
THE COASTAL AREA MANAGEMENT APPLICATION
The Coastal Management Act, 22a-90 C.G.S. et. seq., establishes a procedure by which a local zoning commission reviews a proposed project to determine its conformity both with municipal zoning regulations and with the provisions of the Act. Upjohn contends that the Commission erred in failing to find that its application complied with the Act. Section 22a-110 C.G.S. provides in relevant part that CT Page 2055
 A coastal site plan required under this section may be modified or denied if it fails to comply with the requirements already set forth in the zoning regulations of the municipality. . . .
Having determined that the plan submitted related to a use of land that violated zoning regulations, the Commission had no cause to go on to determine whether the proposal complied with the Act. Its procedure was proper and its determination is supported by the evidence in the record.
CONCLUSION
None of the grounds asserted by the appellant have been established, and its appeal from the Commission's denial of its four applications is therefore dismissed.
Beverly J. Hodgson Judge of the Superior Court.