[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS TO STRIKE
The principal issues presented by the defendants' Motions to Strike the plaintiffs complaint are whether (1) the defendant Zoning Board of Appeals (ZBA) has authority to hear an appeal from a site plan approved by the town's Planning and Zoning Commission (PZC) and (2) the plaintiffs have another adequate remedy.
 I
The plaintiffs' complaint seeks a writ of mandamus to compel the defendant ZBA to hear their appeal from the approval by the PZC of a site plan application filed by the defendants Lombardi and Nigro. The complaint alleges that the ZBA has responsibility for hearing and deciding such appeals, and that the ZBA refused to accept the plaintiffs' appeal and/or schedule a hearing thereon. The complaint further alleges that the ZBA has a clear legal duty to hear their appeal and that they have no other adequate remedy.
The defendants Lombardi and Waldo moved to strike the plaintiffs' complaint on the grounds that the zoning regulations do not authorize the ZBA to hear such an appeal from the PZC and that the plaintiffs have an adequate remedy which they have already availed themselves of: a direct appeal to the Superior Court (see Krohn, et al v. PZC, et al, D.N. 51-64-66). The defendant ZBA also moved to strike the plaintiffs' complaint on essentially the same grounds. All parties have filed memoranda of law, and defendants' motions to strike are considered together.
 II
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The motion admits all facts well-pleaded. Ferryman v. Groton, 212 Conn. 138,142 (1989). It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In determining the sufficiency of the pleading, "(the court) must take the facts to be those alleged in the complaint construed in a manner most favorable to the pleader." Cavallo v. Derby CT Page 7674 Savings Bank, 188 Conn. 281, 283 (1982).
The plaintiffs are seeking a writ of mandamus, which may be properly challenged by a motion to strike. Connecticut Practice Book Section 545; see also Marciano v. Piel, 22 Conn. App. 627
(1990). A writ of mandamus is proper only when "(1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." Golab v. New Britain,205 Conn. 17, 20 (1987) (citations omitted).
The defendants Lombardi and Waldo first argue that the plaintiffs do not have a clear legal right to the hearing sought. The defendant ZBA argues that the ZBA does not have a clear legal duty to hear appeals from decisions of the Waterford Planning and Zoning Commission. These arguments are closely intertwined.
The town's zoning regulations provide, in pertinent part:
27.2 POWERS AND DUTIES
 The Zoning Board of Appeals shall have the following powers and duties:
 27.2.1 — To hear and decide appeals where it is alleged that there is an error in any order, requirement, or decision made by the Zoning Enforcement Officer or any other official charged with the enforcement of these regulations.
The plaintiffs, relying on Conto v. Zoning Commission,186 Conn. 106 (1982), argue that Section 27.2.1 imposes on the ZBA a mandatory duty to hear their appeal. In Conto, supra, an aggrieved property owner appealed the zoning commission's issuance of a zoning permit to the Superior Court. The trial court dismissed the appeal for lack of jurisdiction because it found that the town's zoning regulations provided for an adequate remedy: an appeal of the commission's decision to the ZBA. The Supreme Court affirmed, holding that since both General Statutes Section 8-6 and the town's regulations afford an appeal to the ZBA, the plaintiff failed to exhaust his administrative remedies, and therefore, the trial court lacked subject matter jurisdiction and was correct in dismissing the appeal.
General Statutes Section 8-6 is substantially similar CT Page 7675 to Section 27.2 of the regulations, and provides in pertinent part that the ZBA ". . . shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter. . . ."
It is well settled that a commission acts in an administrative capacity when its function is to "determine whether an applicant's proposed use is one which satisfies the standards set forth in the regulations and statutes." Conto, supra, 111. The word "official" includes the commission. Conto, Id., 114. And, since the commission was acting in an administrative capacity, the Conto court held its denial of a zoning permit appealable to the ZBA.
In reviewing and approving site plans "(a) commission acts in an administrative capacity. (citation omitted). Furthermore, in reviewing site plans the commission has "no independent discretion beyond determining whether the plan complies with applicable regulations . . . (and) is under a mandate to apply the requirements of the regulations as written." Norwalk v. Norwalk Wilbert Vault Co., 208 Conn. 1, 12-13 (1988).
The commission's site plan approval did not involve an exercise of its discretion, such as that involved in acting upon a special permit or zone change, and therefore was in the nature of an enforcement action. Thus it acted in its administrative capacity when it determined that the applicants' site plan complied with the applicable site plan and zoning regulations.
Therefore, its site plan approval was subject to appeal to the ZBA, and the defendants' argument that the ZBA had no authority to hear the appeal fails. See also Fedus v. Zoning Board of Appeals, 2 CTLR 467 (1990) (Hurley, J.). The plaintiffs have alleged sufficient facts to show that the ZBA had a duty to hear their appeal and that the plaintiffs have a clear legal right to such hearing.
The defendants' second argument is that the plaintiffs have already invoked another specific, adequate remedy at law, their presently pending appeal previously referred to. Although General Statutes Section 8-3 (g) was amended in 1982 (Public Act No. 82-90) to require publication of notice of approval of site plans, and again in 1986 to require publication of denials (Public Act No. 86-236), thereby implicitly authorizing appeals to the Superior Court pursuant to General Statutes Section 8-8
and Section 8-9, the precise question of whether the Superior Court has subject matter jurisdiction in the first instance to CT Page 7676 hear such appeals has not been addressed: See, however, Allied Plywood, Inc. v. Planning and Zoning Commission, 2 Conn. App. 506
(1984); cert den. 194 Conn. 808 (1984). It is not clear then whether the 1982 and 1984 statutory amendments, if read to permit direct appeals to the Superior Court, also divested the ZBA of its jurisdiction to hear an appeal from a site plan approval. It is entirely possible that the adequate remedy advanced by the defendants may be only chimerical, and subject to dismissal by the Superior Court for lack of subject matter jurisdiction for failure to exhaust administrative remedies. Therefore, the defendants' contention that the plaintiffs have an effective, adequate remedy must be dealt with on another day.
The defendants' motions to strike are denied.
The court suggests that the pleadings in this case be closed promptly and heard together with the appeal in Docket No. 51 64 66. See for example, Vartuli v. Sotire, 192 Conn. 353,366 (1984).
TELLER, J.