[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#102)
On September 24, 1991, the plaintiff, O G Industries, Inc. ("O G") filed a complaint in which it alleged, inter alia, that it owns land that, since 1955, has been used for screening, washing, crushing and other processing of stone, gravel, sand and other earth products extracted from various sources located within and outside of Beacon Falls. On September 7, 1988 the defendant Town of Beacon CT Page 9514 Falls Planning and Zoning Commission adopted new regulations which provided that, after September 1, 1990, no earth products excavated outside of Beacon Falls would be permitted to be processed in an industrial district in Beacon Falls, and that stockpiles of earth products from outside Beacon Falls in existence on September 1, 1990 must be processed by September 1, 1991. Beacon Falls Zoning Regulations 41.1.3. These regulations were deemed valid in D J Quarry Products, Inc. v. Planning and Zoning Commission of Beacon Falls, 217 Conn. 447,585 A.2d 1227 (1991), wherein the Supreme Court stated that "[t]o the extent that any of the plaintiffs may be able to prove a pre-existing and valid nonconforming principal use of land for earth products processing beyond the reach of the zoning regulations, then the plaintiff may continue to operate a processing facility." Id. at 455.
Pursuant to the zoning regulations, the plaintiff applied for a permit to continue what it alleges is a valid, pre-existing non-conforming use of its property which is not prohibited by the zoning regulations. A hearing on that application is currently proceeding before the zoning commission. The plaintiff seeks from this court a declaratory judgment that its use constitutes a valid, pre-existing, non-conforming principal use. The plaintiff also seeks a temporary injunction enjoining the application hearings until the matter before this court is resolved.
On October 25, 1991, the defendant filed a motion to dismiss the request for declaratory judgment on the ground that this court lacks subject matter jurisdiction over the issue. Pursuant to Practice Book 143, the defendant submitted a memorandum in support of its motion. On November 5, 1991, the plaintiff filed a memorandum in opposition to the motion to dismiss and a memorandum in support of its motion for a temporary injunction.
The motion to dismiss is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. Although "every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701, 579 A.2d 1 (1990), whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed. Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
In its memorandum in support of its motion to dismiss, the defendant argues, inter alia, that the court lacks jurisdiction over this matter because the plaintiff has failed to exhaust the administrative process and remedy prescribed by law and because the defendant has neither sought to enjoin the plaintiff's earth products processing activities nor denied the plaintiff's application for a permit to operate its plant.
The plaintiff, in its opposing memorandum, argues that it is CT Page 9515 entitled to declaratory relief, that it is not required to exhaust the administrative remedies, and that exhaustion would be futile because the defendant, regardless of the information before it, has already decided the issue in a manner adverse to the plaintiff. Consequently, the plaintiff argues that the motion to dismiss should be denied.
It is a well established principle of administrative law that where an adequate administrative remedy exists, it must be exhausted before the superior court will obtain jurisdiction over the matter. Greater Bridgeport Transit District v. Local Union 1336, 211 Conn. 436,438, 559 A.2d 1113 (1989). See also Butzgy v. Glastonbury, 203 Conn. 109,116, 523 A.2d 1258 (1987). However, this rule is subject to exceptions, one of which is that there is no need for exhaustion where the administrative remedy is futile or inadequate. Cannata v. Department of Environmental Protection, 215 Conn. 616, 628, 577 A.2d 1017
(1990). See also Conto v. Zoning Commission, 186 Conn. 106,115, 439 A.2d 441 (1982).
In the present matter, the plaintiff seeks a declaratory judgment on the issue of whether its non-conforming, pre-existing use was principal or accessory. Such a determination is essential to the plaintiff's case, as the court, in D J Quarry Products, stated that proof of a nonconforming principal use will enable the plaintiff to continue processing imported materials. D J Quarry Products, supra at 455. The plaintiff has introduced evidence which demonstrates that, despite the fact that the hearings on this matter have not concluded, the defendant Commission has determined that the plaintiff's use was, and is, accessory. In its brief submitted in D J Quarry Products, the defendant stated that "[t]he onsite processing was allowed as an accessory use to the principal activity of the mining of earth products." Plaintiff's Exhibit 4, p. 3. Furthermore, the defendant argued, in the same case, that "processing of locally mined materials . . . is merely an accessory use of the land . . . [There is a] distinction between gravel processing as an accessory use, which has been allowed in Beacon Falls, and gravel processing as a principal use of the land, which has never been allowed. . . [It has never been] the intention of the zoning regulations in Beacon Falls [that gravel processing be an independent, principal use of land] . . . ." Plaintiff's Exhibit 4, pp. 6-7.
Additionally, the defendant has stated that "th[e] de facto conversion of the accessory use [of processing only foreign gravel] to the principal use . . . has never been reflected or allowed in the zoning regulations, in which processing has always been treated as a use merely accessory to the mining of local sand and gravel." Plaintiff's Exhibit 4, p. 7. The evidence introduced is replete with similar statements. Consequently, the defendant has manifested a predisposition with regard to the matter before it, and requiring the plaintiff to exhaust administrative procedures would, accordingly, constitute a futile, and therefore inadequate, remedy. Norwich v. Norwalk Wilbert Vault Co., 208 Conn. 1, CT Page 9516 5, 544 A.2d 152 (1988). Thus, the plaintiff need not exhaust the administrative remedy and that this court has jurisdiction over the matter. Consequently, the motion to dismiss is denied.
The next issue is whether or not the proceedings before the defendant should be enjoined pending the resolution of this matter. Hearings on the plaintiff's application to the defendant began on October 2, 1991, and are scheduled to resume November 21, 1991. A temporary injunction preserves the status quo until the rights of the parties can be determined after a hearing on the merits, Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, 457,493 A.2d 229 (1985). The scope of such an injunction is limited by the nature of the case, the evidence presented at the hearing and the relief sought. Emhart Industries, Inc. v. Amalgamated Local Union 376, UAW,190 Conn. 371, 407, 461 A.2d 422 (1983). "A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." Pet v. Department of Health Services,207 Conn. 346, 370, 542 A.2d 672 (1988). Furthermore, a court will not deny injunctive relief "when local procedures cannot `effectively, conveniently and directly determin[e] whether the plaintiffs are entitled to the relief claimed.'" Conto, supra at 115 (quoting Bianco v. Darien,157 Conn. 548, 555, 254 A.2d 898 (1969)). The court has discretion to decide whether to grant injunctive relief. Gorra Realty, Inc. v. Jetmore, 200 Conn. 151, 165, 510 A.2d 440 (1986). Because it has been determined that requiring exhaustion of administrative policies in this matter constitutes an inadequate remedy, supra, the plaintiff has satisfied one prong of the test for injunctive relief. Permitting the administrative process to run will harm the plaintiff in that it will be required to argue its case before a commission which has apparently already reached a decision. The court therefore enjoins the administrative proceedings pending the resolution of the matter before this court. Consequently, the motion to dismiss is denied and the motion for a temporary injunction is granted.
Dranginis, J.