[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By application dated April 8, 1996, one Elbert L. Zeigler applied to the Kent Planning and Zoning Commission ("Commission") for permission to operate an automobile body shop on property owned by the defendant, the Estate of Gertrude I. Hayes, deceased, located at 235 Kent Road, Kent, Connecticut. The subject property consisting of a house and detached outbuilding on approximately 0.89 acres of land, is located within the rural residential zoning district, as described in Section 6 of the Kent Zoning and Subdivision Regulations. Automobile body shops are not among the uses permitted either as of right or by special permit within that zoning district.
On May 13, 1996, following a public hearing held on May 9, CT Page 496-A 1996, the Commission voted to deny Mr. Zeigler's application, having determined that the use of the subject property for an automobile body shop would increase an existing nonconformity in a residential zone. (Return of Record: Item 3: Letter dated May 14, 1996 from Commission to applicant's agent.)
The applicant, Elbert L. Zeigler, did not file an appeal of the Commission's decision, either to the Zoning Board of Appeals, or to the Litchfield Superior Court.
On May 29, 1996, William Paul Dooley, agent for the Estate of Gertrude I. Hayes, filed a purported appeal of the Commission's decision with the Kent Zoning Board of Appeals ("Board"). On June 18, 1996, after a public hearing, the defendant Board voted to overturn the Commission's denial of Mr. Zeigler's application. (ROR: Item 3.) Notice of the defendant Board's decision was published in the Kent Good Times Dispatch on June 28, 1996. The plaintiff, Lawrence S. Dumoff, filed this appeal on July 12, 1996, pursuant to Section 8-8 of the Connecticut General Statutes.
It is conceded that the plaintiff is aggrieved by the decision as he is the record owner of the property in question. Plaintiff's Ex. 1. To establish aggrievement, a party must show a specific personal legal interest in the subject matter of the CT Page 496-B decision and that he is specially and injuriously affected in his property or other legal rights. Johnson v. Zoning Board ofAppeals, 156 Conn. 622, 623 (1968); I.R. Stitch Associates, Inc.v. Town Council, 155 Conn. 1, 3 (1967). In this case, the defendant estate was aggrieved by the action of the Planning and Zoning Commission as the owner and contract vendor of the property in question. Record, Item 1, p. 1, Item 3. As such, the Zoning Board of Appeals had the jurisdiction to consider the estate's appeal.
Much of the argument raised by the parties in their briefs concerns the right of the plaintiff to appeal to the Board of Appeals. The plaintiff claims that the appeal should have been taken directly to the superior court.
Section 23.1 of the Zoning and Subdivision Regulations of the Town of Kent sets forth the powers and duties of the Zoning Board of Appeals. With respect to appeals, Section 23.1.1 of the Regulations provides in part as follows:
 23.1.1. Appeals. The Zoning Board of Appeals shall have the authority to hear and decide upon any appeal where it is alleged that there is an error in the order, requirements, decision, or determination of the Zoning CT Page 496-C Enforcement Officer. (ROR: Item 23, p. 72)
Section 22 of the Regulations contains several provisions regarding administration, including "Enforcement." Section 22.2 of the Regulations reads in part that: "These regulations shall be enforced by the Zoning Enforcement Officer. . . ." (ROR: Item 23, p. 70 )
The Board is not empowered to entertain appeals from decisions of the Planning and Zoning Commission, but only from the "order, requirements, decision or determination of the Zoning Enforcement Officer." Since Section 22.2 of the Regulations specifically confers enforcement powers upon a zoning enforcement officer, with no reservation of enforcement responsibilities to the Commission, the zoning enforcement officer is the sole official charged with the enforcement" of the Regulations, and the Commission was not acting in any enforcement capacity when it denied Mr. Zeigler's permit application. The defendant claims that the decision of the Kent Planning and Zoning Commission made on May 13, 1996, was not appealable to the Zoning Board of Appeals, as a matter of law. If an appeal was to be taken, it should have been taken to the Litchfield Superior Court pursuant to Connecticut General Statutes Section 8-8. [Conto v. ZoningCommission, 186 Conn. 106, 439 A.2d 441 (1982)].
On the other hand, the defendants claim that the Board had CT Page 496-D the power to hear and decide the appeal.
Section 23.1.1 of the Regulations provides the ZBA with the authority to "hear and decide upon any appeal where it is alleged that there is an error in the order, requirements' decision or determination of the zoning enforcement officer." Chapter 124 Section 8-6 of the Connecticut General Statutes authorizes the Zoning Board of Appeals "to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this Chapter or any by-law, ordinance or regulation adopted under the provisions of this Chapter."
In Conto v. Zoning Commission, supra, the Superior Court held that the words "the official" in Section 8-6 precluded the zoning board of appeals review of the action of a planning and zoning commission, stating the
 . . . reference in 8-6 to `the official' must be read in conjunction with the language of other sections of Chapter 124 of the General Statutes. General Statutes § 8-8 speaks of `any officer, department, board or bureau or any municipality, charged with the enforcement of any order, requirement or decision of said CT Page 496-E board,' and General Statutes § 8-12 provides that zoning regulations `shall be enforced by the officer or official board or authority designated therein. . .' These statutory provisions demonstrate that the legislature has not required the towns to designate a single enforcement officer but has rather, consistently with § 8-3 (e), allowed the towns to choose the manner and `the official' for the enforcement of zoning regulations. Read in context, § 8-6 authorizes zoning boards of appeals to review the actions of any local officer, board or commission that has been designated by local regulations to be `the official charged with the enforcement' of local zoning regulations. See Caulfield v. Noble, 178 Conn. 81, 93, 420 A.2d 1160 (1979); Frazier v. Manson, 176 Conn. 638, 642-43, 410 A.2d 475 (1979).
The defendant claims that the Commission is the official charged with the enforcement of that section of the Regulations and the Zoning Board of Appeals is specifically authorized by § 8-6
and § 23.1.1 of the Regulations to review the actions of the "official" charged with enforcement of § 14.3.4 of the CT Page 496-F Regulations which in this instance is the Commission itself, and that therefore the [Kent] Zoning Board of Appeals affords the plaintiff an available avenue for relief, and he must exhaust that remedy before appealing to a court of law. Astarita v.Liquor Control Commission, 165 Conn. 185, 190 (1973); Holt-Lock,Inc. v. Zoning and Planning Commission, 161 Conn. 182 (1971).
While a strong case may be made for the plaintiff's claim that the defendants were required to take a direct appeal to the Superior Court, it is unnecessary to the issue to decide the appeal. A review of the Kent regulations clearly demonstrates that the defendant Board exceeded its powers in overruling the decision of the town Commission.
The Commission determined after a full hearing that "to change the use of the non-conforming building at 235 Kent Road from a fabricator of fiberglass models and sculptural materials to an autobody shop . . . would be an expansion of the use that existed and therefore not permitted." Record, 35. Pertinent parts of the Regulations provide:
SECTION 14
 NON-CONFORMING LOTS, NON-CONFORMING USES, NON-CONFORMING STRUCTURES, AND NON-CONFORMING USES OF STRUCTURES AND LAND CT Page 496-G IN COMBINATION
14.1. Purpose. Within the zoning districts established by these Regulations or by amendments that may later be adopted, there exists lots, uses, and structures which were lawful at the time these Regulations were adopted or amended but which would be prohibited, regulated, or restricted under the provisions of these Regulations or future amendments. Such lots, uses, and structures are declared by these Regulations to be non-conforming. It is the intent of these Regulations to permit these non-conformities to continue until they are removed but not to encourage their survival. It is further the intent of these Regulations that non-conformities shall not be enlarged upon, expanded or extended if such a change would increase the non-conformity, nor be used as grounds for adding other structures or uses prohibited elsewhere in the same district.
14.1.1. Non-conforming uses are declared by these Regulations to be incompatible with permitted uses in the districts involved. After the effective date of adoption or amendment of these Regulations, a non-conforming use, a non-conforming structure, or a non-conforming use of a structure and land in combination shall not be extended or enlarged by the attachment to a CT Page 496-H building or land of additional signs intended to be seen from off the premises, or by the addition of other uses of a nature which would be prohibited generally in the district involved.
14.3. NON-CONFORMING USES. Where a lawful use exists at the effective date of adoption or amendment of these Regulations which use is no longer permitted under these Regulations as adopted or amended, such use may be continued so long as it remains otherwise lawful, subject to the following provisions:
14.2.1. Such non-conforming use shall not be enlarged or increased, nor extended to occupy a greater floor area or area of land that was occupied at the effective date of adoption or amendment of these Regulations.
14.3.4. Such non-conforming use may be changed to another non-conforming use by the Commission following a public hearing. In approving such a change, the Commission shall find that the proposed use is equally appropriate or more appropriate CT Page 496-I to the district than the existing nonconforming use. In permitting such change, the Commission may attach such conditions and safeguards as may be required to protect the public health, safety and general welfare and to ensure continued compliance with these Regulations. Such conditions and safeguards may include, but shall not be limited to: a maximum number of employees, hours of operation or improvements to existing public facilities to accommodate the proposed used.
The "appeal" filed by the defendant to the Board of Appeals was based upon use and stated in part:
4. Variance of the following sections of the Zoning Regulations is requested:
N/A (See Paragraph 5) ___________________________________________________________________________
5. Describe briefly the nature of the request for variance, appeal of a decision of the Planning and Zoning Commission or zoning enforcement action; the reasons given by the commission in support of their decision and the reasons why relief from that CT Page 496-J decision is being requested: (Use additional paper if necessary).
Planning and Zoning Commission ruled that use proposed inapplication 19-96C was expansion (sic) of existing, lawfulnonconforming use. We disagree (see attached).
The "appeal" filed by the defendants was in actuality a request for a variance. A hardship to justify a variance, must be different in kind from that affecting properties in general. Likewise, to justify a variance § 8-6 (3) requires the fulfillment of two conditions: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Grillo v. ZoningBoard of Appeals 206 Conn. 362, 368.
The Kent Regulations provide when pertinent as follows:
SECTION 23
ZONING BOARD OF APPEALS (ZBA)
23.1. POWERS AND DUTIES. The Zoning Board of Appeals (ZBA) shall CT Page 496-K have all the powers and duties prescribed by Chapter 124, Section 8 and by Chapter 250, Section 14 of the General Statutes, and by these Regulations, which powers and duties are summarized and more particularly specified below. None of the following provisions shall be deemed to limit any of the authority of the ZBA that is conferred by general law.
 23.1.1. Appeals. The ZBA shall have the authority to hear and decide upon any appeal where it is alleged that there is an error in the order, requirements, decision or determination of the Zoning Enforcement Officer. No question of hardship shall be involved in such an appeal, and the action of the ZBA thereon shall be limited to the question of whether or not, and to what extent such order, requirement, decision, or determination was a correct interpretation of the subject provision of these Regulations.
 23.1.2. Variances. The ZBA shall have the authority to vary or adjust the strict application of these Regulations in only those cases where the unusual size, shape or topography of a lot or other unusual physical conditions CT Page 496-L pertaining to it or to any building situated thereon make it impossible to strictly apply a specific provision of these Regulations to such lot without resulting in exceptional difficulty or unusual hardship, so that substantial justice shall be done and the public health, safety and welfare secured.
 23.1.3. Location of Motor Vehicle Uses. The ZBA shall have the authority to hear and decide upon all requests for Certificates of Approval for motor vehicle sales, services and repair uses in accordance with the General Statutes. Such authority shall not supersede the Commission's authority to hear and decide upon requests for Special Permits for such uses.
23.1.4. Use Variances.
 a. No use variance shall be granted by the ZBA which would permit:
 (1) A use prohibited either implicitly or explicitly by these Regulations; CT Page 496-M
 (2) The expansion of a nonconforming use; . . .
 (4) A use otherwise is allowed by Special Permit in the district in which the use is located.
 b. Use variances may be granted by the Zoning Board of appeals only in the Industrial zone.
 23.2.5. No variances shall be granted by the ZBA unless it finds:
 a. That there are special circumstances or conditions, fully described in the findings of the ZBA, applying to the lot or structure for which the variance is sought, which are peculiar to such lot or structure and do not apply generally to lots or structures in the neighborhood and which have not resulted from any willful act of the applicant subsequent to the date of adoption of the regulation from which the variance is sought, whether in violation of the provisions herein or not; CT Page 496-N
 b. That, for reasons fully set forth in the findings of the ZBA, the aforesaid circumstances or conditions are such that the particular application of the provisions of these Regulations would deprive the applicant of the reasonable use of the lot or structure, that the granting of the variance is necessary for the reasonable use of the lot or structure, and that the variance as granted by the ZBA is the minimum adjustment necessary to accomplish this purpose;
 c. That the granting of the variance shall be in harmony with the general purposes and intent of these Regulations and the Town's Plan of Development and shall not be injurious to the neighborhood or otherwise detrimental to the public health, safety and welfare; and
 d. That the granting of the variance is not based upon the nonconformity of neighboring lots, uses, buildings or structures, nor upon a financial or economic hardship.
In this case, the Commission specifically found that the CT Page 496-O change of use of the property would result in an expansion of a preexisting non-conforming use prohibited by Section 23.1.4(2) of the Regulations. The authority to change a non-conforming use under section 14.3.4 of the Regulations is specifically granted to the Commission and not the Board of Appeals. While the board may have had the power to review the finding of the Commission based upon the record, the court finds no authority for it to hold a new hearing unless it was in fact acting upon a request for a variance.
Likewise, while the Board had "the authority to hear and decide upon all requests for Certificates of Approval for motor vehicle sales, services and refinance uses . . . such authority shall not supersede the Commission's authority to hear and decide upon requests for Special Permits for such uses." Reg. Sec.23.1.3. The defendant did not file a request for such a permit and if he had, the Board was powerless to supersede the authority of the Commission.
Based upon a review of the entire record, the Court finds that the defendant Board of Appeals exceeded its authority and abused its discretion in overruling the Commission, and that if its hearing was conducted upon a request for a variance, the record is lacking in a justification for the granting of such relief. CT Page 496-P
For the reasons stated, the appeal is sustained.
HON. WALTER M. PICKETT, JR. Judge Trial Referee