[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS OF DEFENDANTS CITY OF MERIDEN PLANNING COMMISSION AND COMMUNITY VILLAGE, LLC DATED MAY 1, 2001 (#118)
INTRODUCTION
The captioned matter is an appeal from the grant ("grant"), by the defendant City of Meriden Planning Commission ("Commission"), of site plan approval to an application submitted by the defendant Community Village, LLC ("Community Village"). The Commission and Community Village have jointly moved to dismiss the appeal on the ground that the plaintiffs have failed to exhaust their administrative remedies because, the defendants claim, the plaintiffs were obligated, as a prerequisite to appealing to the Superior Court, to prosecute an intermediate appeal from the grant to the Meriden Zoning Board of Appeals. In support of this motion the defendants rely on Borden v. North Stonington Planning andZoning Commission, 58 Conn. App. 399 (2000), cert. denied 254 Conn. 921
(2000), and Conto v. Zoning Commission of the Town of Washington,186 Conn. 106 (1982).
DISCUSSION
Both Borden and Conto deal with zoning regulations under which the plaintiffs there were obligated to appeal from the actions complained of CT Page 17440 to their respective zoning board of appeals. However, the Meriden regulations, in regard to an appeal from a site plan approval of the type appealed in the instant case, provide to the contrary, as stated in the relevant portion of § 213-26.5 of those regulations:
 For any development within the Planned Development District (as in the instant case), a site plan must be reviewed and a certificate of approval must be issued by the Planning Commission in accordance with the requirements and procedures of Article XI, § 213-55 of the Zoning Regulations prior to the issuance of a building permit.
Section 213-55 of the Meriden regulations provides, in relevant part:
 Any person aggrieved by the action of the Planning Commission may appeal said action within fifteen days to the Superior Court.
Because the Meriden regulations make no provision for an intermediate appeal to the Zoning Board of Appeals, but rather provide expressly for a direct appeal from the grant to the Superior Court, the defendants' argument fails.
CONCLUSION
The Motion to Dismiss is denied.
G. Levine, J.
[EDITORS' NOTE: A DIFFERENT AND NON RELATED CASE ONCE LISTED ON THIS PAGE CAN BE LOCATED ON CT Page 2071] CT Page 17441 [EDITORS' NOTE: CT Page 17441 to CT Page 17500 are now blank.] CT Page 17501