## JEWETT CITY SAVINGS BANK *v.* TOWN OF FRANKLIN ET AL.
### (SC 17499)

Sullivan, C. J., and Borden, Katz, Palmer and Zarella, Js.*

---

* The listing of justices reflects their seniority status on this court as of the date of argument.

Argued April 10—officially released October 10, 2006

*Ronald F. Ochsner*, for the appellants (defendants).

*John R. FitzGerald*, for the appellee (plaintiff).

*Opinion*

ZARELLA, J. The defendants, the town of Franklin (town), the town planning and zoning commission (commission), and the town zoning board of appeals

(board), appeal from the judgment of the trial court declaring § 3.5 B of the town's zoning regulations void and temporarily enjoining the board from proceeding with a zoning appeal filed by the plaintiff, Jewett City Savings Bank. On appeal, the defendants claim that the trial court incorrectly concluded that: (1) the commission's denial of the plaintiff's application for a special exception under the town's zoning regulations was not an enforcement action; and (2) § 3.5 B of the town's zoning regulations is void. We agree with the defendants and, therefore, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On July 26, 2004, the plaintiff filed an application with the commission for a special exception to the town zoning regulations (regulations), seeking to use and develop approximately four acres of unimproved land in the town of Franklin.[1] On September 21, 2004, the commission conducted a public hearing on the plaintiff's application. The commission denied the application on October 19, 2004. The plaintiff appealed from the commission's decision to the Superior Court on November 5, 2004. Concurrently, the plaintiff appealed from the commission's decision to the board[2] pursuant to § 3.5 B of the regulations.[3] In addition to the foregoing appeals, the

---

[1] Specifically, the plaintiff applied for a special exception to develop the land as a "rear lot," as that term is defined in § 10.12 of the regulations.

[2] According to the plaintiff, even though it filed an appeal with the Superior Court, it filed a concurrent appeal with the board "to protect itself against the running of the [statute of limitations]," apparently because § 3.5 B of the regulations purported to vest the board with jurisdiction over appeals from the commission's decisions on applications for special exceptions.

Pursuant to an agreement among the parties, the plaintiff's appeal to the board was stayed by order of the trial court on November 29, 2004, pending resolution of the present action.

[3] Section 3.5 of the zoning regulations of the town of Franklin provides in relevant part: "Any person who alleges that there is an error in any order, requirement, or decision made by the Commission or its agent in:

"A. enforcement of these regulations, or

"B. action on a special exception application,

"may appeal such action to the Zoning Board of Appeals. . . ."

plaintiff also filed the present action, seeking a declaratory judgment and a temporary injunction precluding the board from proceeding with the appeal on the ground that it was not authorized by General Statutes § 8-6 (a) (1).[4] The plaintiff claimed that the appeal to the board effectively would require two different town zoning authorities to give separate consideration to its application before it could appeal the matter to the Superior Court.[5] This requirement, according to the plaintiff, was not authorized by law. The trial court rendered judgment for the plaintiff, declaring § 3.5 B of the regulations void and temporarily enjoining the board from proceeding with the plaintiff's appeal. Specifically, the court noted that § 3.5 B of the regulations was not authorized by § 8-6 (a) (1) because "the commission's action on [the plaintiff's] application for the special exception . . . was not in fact an 'enforcement' action." Consequently, the trial court rendered judgment declaring § 3.5 B void. The defendants appealed from the trial court's judgment to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The defendants claim that the trial court incorrectly determined that the commission's denial of the plaintiff's application for a special exception was not an enforcement action. They contend that, insofar as the commission's denial of the plaintiff's application for a special exception was based on established standards contained in the regulations, such action constituted

[4] General Statutes § 8-6 (a) provides in relevant part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ."

[5] This court long has held that, according to well established principles of zoning law, a plaintiff must exhaust all administrative remedies before appealing a decision of a zoning commission to a court of law. E.g., *Conto v. Zoning Commission*, 186 Conn. 106, 114, 439 A.2d 441 (1982).

an enforcement of those regulations. The plaintiff responds that the denial of the application was not an enforcement action because the commission's decision required some exercise of discretion. We agree with the defendants.

We begin with the standard of review that governs the present appeal. Resolution of the issue presented requires us to review the applicable statutory provisions and the relevant town regulations. "Because the interpretation of . . . [statutes and] regulations presents a question of law, our review is plenary." *Graff* v. *Zoning Board of Appeals*, 277 Conn. 645, 652, 894 A.2d 285 (2006). "Additionally, zoning regulations are local legislative enactments . . . and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes." (Internal quotation marks omitted.) Id.

We first review the relevant statutory provisions. General Statutes § 8-5 (a) provides that any municipality with a zoning commission must have a zoning board of appeals.[6] A zoning board of appeals is charged with, inter alia,[7] "hear[ing] and decid[ing] appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of . . . any . . . [local zoning] regulation . . . ." General Statutes § 8-6 (a) (1). In other words, decisions purporting to enforce local zoning reg-

---

[6] General Statutes § 8-5 (a) provides in relevant part: "In each municipality having a zoning commission there shall be a zoning board of appeals consisting of five regular members and three alternate members, unless otherwise provided by special act. . . ."

[7] Pursuant to General Statutes § 8-6 (a) (2), a zoning board of appeals shall also have the power "to hear and decide all matters including special exceptions and special exemptions . . . upon which it is required to pass by the specific terms of the zoning bylaw, ordinance or regulation . . . ." Although the present case involves an application for a special exception, this particular subdivision of § 8-6 (a), which allows a zoning board of appeals to hear and decide applications for special exceptions *in the first instance*, is not at issue in this case.

ulations may be appealed to a zoning board of appeals. See General Statutes § 8-6 (a) (1); *Conto* v. *Zoning Commission,* 186 Conn. 106, 114, 439 A.2d 441 (1982). The power to enforce zoning regulations may be delegated to an enforcement officer by the local zoning commission or vested in the commission itself. See General Statutes § 8-3 (e) ("[t]he zoning commission shall provide for the manner in which the zoning regulations shall be enforced"); see also *Conto* v. *Zoning Commission,* supra, 114 (holding that § 8-6 "authorizes zoning boards of appeals to review the actions of any local officer, board or commission that has been designated by local regulations to be the official charged with the enforcement of local zoning regulations" [internal quotation marks omitted]). If local regulations vest the zoning commission with enforcement authority, it becomes "a protean body with the capacity to act either legislatively or administratively." *Conto* v. *Zoning Commission,* supra, 109.

The statutory scheme grants zoning commissions the authority to establish and change zoning regulations. See generally General Statutes § 8-3. Furthermore, we have made it clear in our decisions that municipalities generally are free to establish their own appellate procedures. See, e.g., *Conto* v. *Zoning Commission,* supra, 186 Conn. 117 ("[i]t is clear that [General Statutes] § 8-10 does not intend to prohibit local arrangements by which a commission decision may be appealed to a board of appeals, [as] long as review by the Superior Court is ultimately available").

This court long has held that when "a statute has established a procedure to redress a particular wrong, a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure." *Norwich* v. *Lebanon,* 200 Conn. 697, 708, 513 A.2d 77 (1986); see also *LaCroix* v. *Board of Education,* 199

Conn. 70, 78, 505 A.2d 1233 (1986) (when "a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action to test the very issue which the appeal was designed to test" [internal quotation marks omitted]); *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 598, 409 A.2d 1029 (1979) (same).

The General Statutes have established a procedural framework that allows a zoning board of appeals to hear appeals of enforcement proceedings. A zoning board of appeals may "hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ." General Statutes § 8-6 (a) (1). Section 3.5 of the regulations provides that "[a]ny person who alleges that there is an error in any order, requirement, or decision made by the [c]ommission or its agent in . . . enforcement of these regulations, or . . . [an] action on a special exception application" may appeal to the board. Thus, § 8-6 permits enforcement decisions to be appealed to a zoning board of appeals, and § 3.5 of the regulations implements this authority by allowing enforcement decisions and determinations regarding special exceptions to be appealed to the board. The plaintiff concedes that if the commission's denial of the plaintiff's application for a special exception was an enforcement of the regulations, then the defendants must prevail in this appeal.

In order for the decision of a zoning commission to constitute an enforcement action, that decision must be administrative rather than legislative in nature. See *Conto* v. *Zoning Commission*, supra, 186 Conn. 111 ("we should review the commission's enforcement action as an aspect of its exercise of its administrative

capacity"). A zoning commission's legislative decision is a policy decision that involves the exercise of broad discretion. See *Malafrote* v. *Planning & Zoning Board*, 155 Conn. 205, 209, 230 A.2d 606 (1967) ("[t]he discretion of a legislative body, because of its constituted role as a formulator of public policy, is much broader than that of an administrative board, which serves a quasi-judicial function"). Conversely, a zoning commission acts in an administrative capacity when its function is "to determine whether [a] proposed use is one which satisfies the standards set forth in the [zoning] regulations and the statutes." (Internal quotation marks omitted.) *Conto* v. *Zoning Commission*, supra, 111; accord *Goldberg* v. *Zoning Commission*, 173 Conn. 23, 29, 376 A.2d 385 (1977); see also *Housatonic Terminal Corp.* v. *Planning & Zoning Board*, 168 Conn. 304, 307, 362 A.2d 1375 (1975) ("[a]cting in [an] administrative capacity, the board's function is to determine whether the . . . proposed use is expressly permitted under the [zoning] regulations, and whether the standards set forth in the regulations and the statute are satisfied" [internal quotation marks omitted]).

In *Conto* v. *Zoning Commission*, supra, 186 Conn. 106, we held that the act of granting an application for a zoning permit for a permitted use under the applicable zoning regulations constituted an administrative act by the defendant zoning commission of the town of Washington. Id., 110–11. In *Conto*, we observed that the applicable zoning regulations "required" the Washington zoning commission to act in this type of situation; id., 110; and, therefore, involved no "exercise of discretion . . . ." Id., 112. Subsequent to our decision in *Conto*, we stated that, "[a]lthough it is true that [a] zoning commission does not have discretion to deny a special permit when the proposal meets the standards [set forth in the zoning regulations], it does have discretion to determine *whether* the proposal meets [those] stan-

dards . . . . If, during the exercise of its discretion, the zoning commission decides that all of the standards . . . are met . . . it can no longer deny the application. The converse is, however, equally true. Thus, the zoning commission can exercise its discretion during the review of the proposed special exception, as it applies the regulations to the specific application before it." (Emphasis in original.) *Irwin* v. *Planning & Zoning Commission*, 244 Conn. 619, 628, 711 A.2d 675 (1998).

In the present case, the plaintiff filed an application for a special exception to develop a "rear lot."[8] Under the regulations, the development of a rear lot is a permitted use as long as a special exception is obtained. In order to approve a special exception, the commission must evaluate certain factors. The commission must evaluate, inter alia, whether the proposed use will: (1) "create or substantially aggravate vehicular and pedestrian traffic safety problems"; Franklin Zoning Regs., c. 10, § 10.2.1; (2) "have substantial degrading effects on the value of surrounding property"; id., § 10.2.2; (3) "substantially affect environmental quality in an adverse manner"; id., § 10.2.3; and (4) substantially impair "[t]he ability of surrounding property to develop consistent[ly] with the prevailing zoning classification . . . ." Id., § 10.2.4. These factors are part of an overall regulatory scheme. The commission must conduct a public hearing on any application for a special exception, and an applicant must give notice to certain neighboring property owners that a hearing will be held. Id., c. 3, § 3.3. Thus, in the present case, the commission was asked to determine whether the plaintiff's application for a special exception met the standards set forth in the regulations. Although, as we have noted, this

---

[8] Section 10.12 of the zoning regulations of the town of Franklin defines a "rear lot" as a lot that "has less public road frontage than the amount required for lots in the zone or zones in which the lot is located at the time such lot is created, and . . . has access to [at] least one public road through at least one access strip. . . ."

determination required the commission to exercise its discretion, the commission's determination in this regard nevertheless was an exercise of its administrative powers. Therefore, in applying the established standards contained in the regulations, the commission was enforcing its regulations. The mere fact that some exercise of discretion was required in applying the standards does not turn this action of enforcing the regulations into a legislative function of the commission.

The plaintiff contends that if we conclude that the commission's denial of its application for a special exception constituted an enforcement action, the appeal to the board will require, under the regulations, another public hearing. The plaintiff claims that this would result in unnecessary delay and expense because it would require the board to review the plaintiff's application de novo. Although this may be a legitimate concern for applicants seeking special exceptions, as we previously have noted, the board is vested with wide latitude in establishing its appellate procedures. See *Conto* v. *Zoning Commission*, supra, 186 Conn. 117. The appropriate remedy, if in fact a remedy is required, is legislative in nature.

Finally, the plaintiff contends that our decisions in *Conto* v. *Zoning Commission*, supra, 186 Conn. 106, *Castellon* v. *Board of Zoning Appeals*, 221 Conn. 374, 603 A.2d 1168 (1992), and *Borden* v. *Planning & Zoning Commission*, 58 Conn. App. 399, 755 A.2d 224, cert. denied, 254 Conn. 921, 759 A.2d 1023 (2000), caused "confusion,"[9] which led the General Assembly to enact

[9] The confusion to which the plaintiff refers stems from the fact that the courts in those cited cases upheld the use of different appellate routes depending on the local zoning regulations of the municipalities involved. Compare *Castellon* v. *Board of Zoning Appeals*, supra, 221 Conn. 382 (because zoning regulation did not provide for review of zoning commission's decision by board of zoning appeals, there was no further administrative remedy available to exhaust before plaintiffs appealed to Superior Court, and, therefore, trial court improperly concluded that board of zoning appeals was required to hear plaintiffs' appeal) with *Conto* v. *Zoning Commission*,

legislation providing that all appeals of site plan determinations may be taken directly to the Superior Court. See Public Acts 2002, No. 02-74, § 2 (P.A. 02-74) (amending General Statutes § 8-8 [b]). The plaintiff claims that similar confusion will result if we determine that the denial of an application for a special exception is an enforcement action that may be appealed to a zoning board of appeals. The plaintiff posits that allowing a direct appeal to the Superior Court from the denial of a site plan application, on the one hand, while requiring further administrative appeals in the case of a denial of an application for a special exception, on the other, would result in a lack of uniformity in the zoning appeals process. Presumably, the plaintiff is suggesting that if both denials are administrative enforcement actions, then they both should follow the same appellate route. The short answer to this argument is that, in passing P.A. 02-74, the legislature opted to treat appeals of these matters differently. What the legislature did not do in 2002—but is free to do now if it so desires—is to allow aggrieved applicants to appeal all determinations regarding special exceptions directly to the Superior

supra, 186 Conn. 110–11 (trial court properly concluded that plaintiff was required to appeal directly to zoning board of appeals when zoning commission's decision constituted enforcement action and zoning regulation provided that appeal from enforcement decision of zoning commission must be taken to zoning board of appeals). The use of different appellate routes, however, is entirely consistent with the legislative policy contained in the General Statutes. As we previously noted in this opinion and in *Conto*, "[i]t is clear that § 8-10 does not intend to prohibit local arrangements by which a commission decision may be appealed to a board of appeals, [as] long as review by the Superior Court is ultimately available. The . . . argument [that review by a zoning board of appeals is never required because direct access to the Superior Court always is permitted pursuant to statute] would transform a statutory right to review into a statutory command that all communities adopt identical procedures. This view is in obvious conflict with the purpose of chapter 124 [of the General Statutes] to establish guidelines and supervision for local zoning without mandating a uniform statewide procedure." *Conto* v. *Zoning Commission*, supra, 117. Although the plaintiff may view this as confusing, the legislature allowed for a certain degree of local autonomy in decision making regarding zoning procedures.

Court. It is not for this court to make that policy determination, however.

Our conclusion that the commission's denial of an application for a special exception must be appealed directly to the board under the regulations is dispositive of the second issue presented by this appeal. Therefore, we agree with the defendants that § 3.5 B of the regulations is not void.

The judgment is reversed and the case is remanded with direction to render judgment declaring § 3.5 B of the zoning regulations of the town of Franklin valid and denying the injunctive relief sought by the plaintiff.

In this opinion the other justices concurred.

---

\* The listing of justices reflects their seniority status on this court as of the date of oral argument.