410 Denslow Hill Road (Rear)
N/F THE SHEPARD GROUP, LLC

ROBERT WEINSTEIN ET AL. *v.* INLAND WETLANDS
AGENCY OF THE TOWN OF MADISON ET AL.
(AC 30850)

107 LONGSHORE LANE, LLC *v.* INLAND WETLANDS
AGENCY OF THE TOWN OF MADISON ET AL.
(AC 30851)

Beach, Bear and Mihalakos, Js.

Argued May 19—officially released September 21, 2010

*Michael A. Zizka*, with whom, on the brief, was *Loni S. Gardner*, for the appellant (named defendant in both cases).

*Robert A. Fuller*, for the appellants (defendant Ed Zimmerman et al. in both cases).

*Marjorie Shansky*, for the appellees (named plaintiff et al. in the first case).

*Thomas E. Crosby*, with whom, on the brief, was *Marjorie Shansky*, for the appellee (plaintiff in the second case).

*Opinion*

BEACH, J. In these consolidated appeals, the defendants, the inland wetlands agency of the town of Madison (agency), Ed Zimmerman, John V. Greco and Long Shore, LLC,[1] appeal from the judgments of the trial court sustaining the appeals of the plaintiffs, Robert Weinstein, Claudia Bemis and 107 Longshore Lane, LLC, from the decisions by the agency. The defendants claim that the court improperly sustained the plaintiffs' appeals on the ground that the agency's decisions were invalidated by its alleged failure to comply with the reporting requirements of General Statutes § 8-26 and § 11.5 of the Madison inland wetlands regulations.[2] We agree and accordingly reverse the judgments of the trial court.

---

[1] Gina McCarthy, then the commissioner of environmental protection, and the department of environmental protection also were named as defendants in the actions brought by Robert Weinstein and 107 Longshore Lane, LLC, respectively, but the actions subsequently were withdrawn as to these defendants.

[2] The defendants also claim that (1) the agency actually did comply with any reporting requirements in § 8-26 and in § 11.5 of the Madison inland wetlands regulations because the respective statutory and regulatory sections do not require that the agency do anything more than inform the commission of its decisions, which the agency did in this case, and (2) the court improperly sustained the appeals on an issue not raised in the pleadings. Because we agree with the defendants' claim that any alleged failure strictly to comply with the time requirement in issue does not invalidate the decisions of the agency, we need not address these remaining issues.

The following facts and procedural history are relevant to these appeals. On September 18, 2006, Zimmerman filed an application with the agency for the approval of two regulated activity permits in connection with a proposed seven lot residential subdivision on a parcel of real property known as 78 Longshore Lane in Madison. The subject property consists of approximately 26.08 acres in a single-family residential zoning district. The subject property is owned by Greco and Long Shore, LLC, in which company Zimmerman has an ownership interest. The subject property consists of a mixture of woodland fragments, ornamental vegetation and existing light development bordering a tidal marsh and Long Island Sound. The parties all agree that the subject property has significant environmental value.

Zimmerman submitted an application for the approval of two regulated activity permits in connection with the subdivision for the following: (1) the construction of a cul-de-sac, which would involve filling a wetland and the construction of a road within 100 feet of a wetland, and (2) a wetland crossing for driveway access to one of the proposed lots. Zimmerman also sought a subdivision referral to the Madison planning and zoning commission (commission). He did not seek regulated activity permits to develop the subdivision's individual lots or to make theoretical improvements to Longshore Lane.

The agency held public hearings on the application. During these hearings, Zimmerman made multiple changes to his subdivision plan, including renumbering the lots and changing the subdivision from seven lots to six lots. The agency approved Zimmerman's two regulated activity permits, with conditions, and recommended to the commission that Zimmerman's subdivision application be approved.

Thereafter, Weinstein and Bemis, landowners whose property abuts the subject property, appealed from the agency's decision to the Superior Court. In addition, 107 Longshore Lane, LLC,[3] also an abutting landowner, filed a similar appeal in the Superior Court. The agency thereafter filed a motion to consolidate the cases for trial, which the court granted. In their appeals to the Superior Court, the plaintiffs made several claims. One claim was that the agency failed to provide a report to the commission in connection with the subdivision referral. In a memorandum of decision, the court sustained the plaintiffs' appeals and concluded that the agency had failed to comply with the requirements of § 8-26 and with § 11.5 of the Madison inland wetlands regulations with respect to its reporting requirements. In explaining its reasons for sustaining the consolidated appeals, the court concluded: "The full extent of the agency's reporting requirement is unclear, but § 11.5 . . . clearly and unambiguously requires the agency within fifteen days of its decision to do something more than merely inform the . . . commission of its decision. In the present case, the record does not indicate that the inland wetlands enforcement office has filed such a report, and more than fifteen days have passed since the agency made its decision." In a footnote of its decision, the court noted that if no time limitation had been imposed by the Madison regulations, it would have remanded the matter to the agency to comply with the reporting requirements of the regulation, but the court found it necessary to sustain the consolidated appeals because § 11.5 imposed a fifteen day limitation. The court did not reach any of the other issues raised in the appeals. The agency thereafter filed in this court petitions for certification to appeal, which we granted. These appeals followed.

---

[3] The agency granted 107 Longshore Lane, LLC, intervenor status.

The defendants claim that the court improperly concluded that the agency failed to comply with § 8-26 and with § 11.5 of the Madison inland wetlands regulations regarding its reporting requirements to the commission.[4] We agree.

We begin with the standard of review. Resolution of the issue presented requires us to review and to interpret the relevant statutory provisions and town regulations. "Because the interpretation of . . . [statutes and] regulations presents a question of law, our review is plenary. . . . Additionally, zoning regulations are local legislative enactments . . . and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes." (Citation omitted; internal quotation marks omitted.) *Jewett City Savings Bank* v. *Franklin*, 280 Conn. 274, 278, 907 A.2d 67 (2006).

Section 8-26 concerns the submission of subdivision plans to the commission. It provides that if an application involves land regulated as an inland wetland or watercourse, then an applicant shall submit an application to the agency responsible for administration of the inland wetlands regulations. It further provides that "[t]he commission shall not render a decision until the inland wetlands agency has submitted a report with its final decision to the commission," to which report the commission shall give due consideration in making its decision. General Statutes § 8-26 (e). The plain language of § 8-26 is clear. It does not mandate that the agency take any specific action, nor does it specify any time

---

[4] On appeal, the defendants also claim that to the extent that the court's decisions hinged on an alleged failure to comply with § 11.5 of the Madison inland wetlands regulations, it was improper for the court to have considered the issue because the plaintiffs had not raised it in the pleadings. The plaintiffs, however, raised the issue during argument before the court, and the court decided the issue. At any rate, the requirements of § 11.5 do not support the court's decision.

frame. Rather, it requires the commission to wait for the local inland wetlands agency to submit a report before it renders a decision. This section, accordingly, does not support the court's decision.

Section 11.5 of the Madison inland wetlands regulations provides: "If an activity authorized by the inland wetland permit also involves an activity which requires zoning or subdivision approval, a special zoning permit, variance or special exception, a copy of the decision and report on the application shall be filed by the [i]nland [w]etlands [e]nforcement [o]fficer with the . . . [c]ommission, and/or [z]oning [b]oard of [a]ppeals within fifteen days of the date of decision."[5] This regulation requires the inland wetlands enforcement officer (officer) to file "the decision and report" with the commission within fifteen days of the agency's decision. It does not, however, mandate that the decision of the agency is rendered invalid if the officer does not adhere strictly to this time frame.

In *Lauer* v. *Zoning Commission*, 246 Conn. 251, 262, 716 A.2d 840 (1998), our Supreme Court, interpreting a time frame specified in a town zoning regulation, stated: "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Such a statutory provision is one which prescribes what shall

---

[5] This version of § 11.5 was effective as of July 1, 2004. The parties seem to agree that this version pertained at all relevant times to the present case.

be done but does not invalidate action upon a failure to comply. . . . A reliable guide in determining whether a statutory provision is directory or mandatory is whether the provision is accompanied by language that expressly invalidates any action taken after noncompliance with the provision." (Citation omitted; internal quotation marks omitted.) The court concluded that because the regulation at issue contained no language expressly invalidating any action taken after noncompliance, the regulation was directory rather than mandatory. Id., 263–64. Similarly, in the present case, § 11.5 does not contain any express language invalidating the action of the agency if the "decision and report" is not filed within fifteen days. It is also patently clear that the time provision is designed "to secure order, system and dispatch"; (internal quotation marks omitted) id., 262; in that the commission is not to decide the issues without considering the agency's input, and good policy favors timely resolutions of disputes.

Accordingly, we conclude that pursuant to the express statutory and regulatory language at issue, the agency's decisions were not invalid solely because the officer did not timely file the "decision and report." Because the court's conclusion to that effect was erroneous, we remand the case to the court to decide the remaining issues raised in these consolidated appeals.

The judgments are reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.