KJC REAL ESTATE DEVELOPMENT, LLC *v.* ZONING
BOARD OF APPEALS OF THE TOWN OF WILTON
(AC 31883)

Beach, Robinson and West, Js.

Argued December 8, 2010—officially released March 1, 2011

*Robert A. Fuller*, for the appellant (plaintiff).

*Patricia C. Sullivan*, with whom was *Barbara M. Schellenberg*, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, KJC Real Estate Development, LLC, appeals from the judgment of the Superior Court dismissing its appeal from the decision of the defendant zoning board of appeals of the town of Wilton (board). The board had affirmed a decision by the zoning enforcement officer (officer), who had denied the plaintiff's request for zoning permits to build and to divide the plaintiff's parcel of property into two lots. The plaintiff claims that the court erred in affirming

the decision of the board.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant. The plaintiff is the owner of a parcel of land the deed to which is recorded in the Wilton land records (parcel). The parcel, which consists of 4.283 acres, is bounded on the east side by Old Huckleberry Hill Road.[2] The plaintiff had a map prepared, dated November 17, 2005, which divided the parcel into two smaller lots, both of which abut Old Huckleberry Hill Road. It is undisputed that Old Huckleberry Hill Road was a public highway in the town of Wilton until 1968, when it was statutorily discontinued pursuant to General Statutes § 13a-49.[3]

In October, 2007, the plaintiff filed a request with the officer for recognition that the division of the parcel into two lots did not require subdivision approval

---

[1] The plaintiff also argues that because the parcel "existed prior to the discontinuance of the road as a public street, the definition of frontage in the regulations cannot preclude a zoning permit, and the regulation is unenforceable as an inverse condemnation of the property." The defendant argues in its brief that this claim is unreviewable because the plaintiff abandoned it before the trial court. In its reply brief, the plaintiff admits that it did not pursue an inverse condemnation claim at trial. At the beginning of trial, the plaintiff stated: "Well, in the complaint there was a confiscation claim. I think that's premature and so I'm not pursuing that." Additionally, in its memorandum of decision, the court did not address an inverse condemnation claim. We decline to review this claim, which the plaintiff abandoned in the trial court and which the trial court declined to address. See *ATC Partnership* v. *Windham*, 268 Conn. 463, 466 n.4, 845 A.2d 389 (2004).

[2] Old Huckleberry Hill Road is also referred to as Old Ridgefield-Norwalk Turnpike and Old Huckleberry Hill Road South. For clarity, we will refer to the road as Old Huckleberry Hill Road only.

[3] General Statutes § 13a-49 provides in relevant part: "The selectmen of any town may, subject to approval by a majority vote at any regular or special town meeting, by a writing signed by them, discontinue any highway or private way, or land dedicated as such, in its entirety, or may discontinue any portion thereof or any property right of the town or public therein, except when laid out by a court or the General Assembly, and except where such highway is within a city, or within a borough having control of highways within its limits. . . ."

because the division was a "first cut," which was not a subdivision as defined by General Statutes § 8-18.[4] The plaintiff also requested that the officer recognize that the lots complied with the Wilton zoning regulations (regulations). The officer denied the plaintiff's request for zoning permits and the division of the property into two lots because, inter alia, the parcel did not have frontage on a public street.

The plaintiff filed an appeal from the officer's decision to the board. Following a public hearing, the board denied the appeal and upheld the decision of the officer on the ground that the parcel did not have frontage on a public street, and, therefore, failed to comply with the regulations. The plaintiff thereafter appealed to the Superior Court from the decision of the board. The court dismissed the plaintiff's appeal, concluding that the board's determination that the parcel did not have frontage on a public street, as defined in the regulations, was not unreasonable, arbitrary or illegal. The plaintiff filed the present appeal after this court granted its petition for certification to appeal.

I

The plaintiff claims that the court erred in determining that under the regulations, a lot must have frontage on a public street before zoning permits could be issued under the regulations. We disagree.

We first set forth our standard of review. "Because the interpretation of . . . regulations presents a question of law, our review is plenary. . . . Additionally, zoning regulations are local legislative enactments . . .

[4] General Statutes § 8-18 provides in relevant part: " '[S]ubdivision' means the division of a tract or parcel of land into three or more parts or lots made subsequent to the adoption of subdivision regulations by the commission, for the purpose, whether immediate or future, of sale or building development expressly excluding development for municipal, conservation or agricultural purposes, and includes resubdivision . . . ."

and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes." (Citation omitted; internal quotation marks omitted.) *Jewett City Savings Bank* v. *Franklin*, 280 Conn. 274, 278, 907 A.2d 67 (2006).

The relevant town regulations are as follows. Section 29-4.B (5) of the regulations provides: "No permit shall be issued for any building unless the lot upon which such building is to be built shall have the frontage required by these [r]egulations on a street as defined herein." "Frontage" is defined in § 29-2.B (60) of the regulations as: "The length measured along that side or sides of a lot abutting on a public street." The term "public" is defined in § 29-2.B (119) of the regulations as: "Belonging, or available, to all the people." Section 29-2.B (152) of the regulations defines "street" as: "An existing state or town highway, or a way shown upon a subdivision plat approved by the Planning and Zoning Commission, as provided by law, or a way shown on a plat duly filed and recorded in the office of the Town Clerk prior to July 6, 1951, but not including private driveways or rights-of-way."

The court first determined that Old Huckleberry Hill Road meets the definition of the term "street" as set forth in § 29-2.B (152). After concluding that Old Huckleberry Hill Road was a street, the court then examined whether Old Huckleberry Hill Road constituted a public street. The court concluded that Old Huckleberry Hill Road was not a public street, and, as a result, the parcel did not satisfy the requirement of § 29-4.B (5) that it have "frontage," because "frontage" is defined in terms of the length of the lot abutting a "public street."

The plaintiff contends that the court was correct in its determination that Old Huckleberry Hill Road meets the definition of the term "street" as set forth in § 29-2.B (152), and the defendant does not challenge this

determination on appeal. The plaintiff claims, however, that the court's determination that Old Huckleberry Hill Road was a street should have ended the inquiry. The plaintiff argues that the court erred in determining that under the regulations, a lot must have frontage on a *public* street before a permit could be issued under § 29-4.B (5). The plaintiff argues that the term "frontage," as defined in § 29-2.B (60), concerns merely where frontage is measured and does not impose a requirement that a lot abut a public street. The plaintiff argues that to read the regulations to require that a parcel abut a *public* street before a permit can be issued under § 29-4.B (5) negates the definition of "street," as the term is defined in § 29-2.B (152), which includes certain private ways.

It is clear from the plain language of the regulations, that in order for a permit to be issued under § 29-4.B (5), a parcel must abut a public street. Section 29-4.B (5) provides that no permit for any building will be issued unless the lot on which the building is to be placed has "the *frontage* required by these [r]egulations on a street as defined herein." (Emphasis added.) Thus, according to this regulation, for a permit to be issued, the subject lot must, inter alia, have frontage. Under § 29-2.B (60), "frontage" consists of the sides of a lot "abutting on a *public* street." (Emphasis added.) The term "public" is defined in § 29-2.B (119) as "[b]elonging, or available, to all the people." Thus, when we interpret § 29-2.B (60) so that no clause is superfluous; see *A. Aiudi & Sons, LLC* v. *Planning & Zoning Commission*, 72 Conn. App. 502, 512, 806 A.2d 77 (2002), aff'd, 267 Conn. 192, 837 A.2d 748 (2004); it is clear that in order for a lot to have "frontage," it must abut a street that is public.[5]

---

[5] The court determined that Old Huckleberry Hill Road was not public, and the plaintiff does not contest this.

Contrary to the plaintiff's argument, reading the regulations to require that a parcel abut a public street before a permit can be issued under § 29-4.B (5), does not contradict the definition of "street." Section 29-2.B (152) defines "street" as: "An existing state or town highway, or a way shown upon a subdivision plat approved by the Planning and Zoning Commission, as provided by law, or a way shown on a plat duly filed and recorded in the office of the Town Clerk prior to July 6, 1951, but not including private driveways or rights-of-way." Thus, under this regulatory definition, a street can be public or, in certain circumstances, private. It is not inconsistent with this definition of "street" as being public or private to define "frontage" as abutting a street that is public. The town of Wilton was free to impose the requirement that a lot have frontage on a public street[6] before a permit can be issued under § 29-4.B (5), and it is not inconsistent with the definition of "street" to do so.

## II

The plaintiff also makes an argument based on General Statutes § 13a-55. The plaintiff notes that when Old Huckleberry Hill Road was statutorily discontinued pursuant to § 13a-49, owners of property that abutted the discontinued road were given, pursuant to § 13a-55, a private right-of-way over the road to access their respective properties. The plaintiff argues that the court erred in affirming the decision denying it zoning permits to build on the parcel as a result of Old Huckleberry Hill Road having been discontinued as a public highway. We are not persuaded.

The interpretation of statutes presents a question of law and, thus, our review is plenary. *Jewett City Savings Bank* v. *Franklin*, supra, 280 Conn. 278.

---

[6] "Frontage" requires abutment on a public street. For these purposes, in some circumstances, a privately owned road may be "public" if it is "available, to all the people." Wilton Zoning Regs., § 29-2.B (119).

The court found unavailing the plaintiff's argument that the right-of-way conferred by § 13a-55 to abutting landowners over Old Huckleberry Hill Road satisfies the frontage requirements of the regulations. The court determined that under § 13a-55, the plaintiff is not entitled to anything more than a private easement of access over the road and accordingly concluded that the plaintiff had not made a sufficient showing that Old Huckleberry Hill Road was public.

Section 13a-55 provides: "Property owners bounding a discontinued or abandoned highway, or a highway any portion of which has been discontinued or abandoned, shall have a right-of-way for all purposes for which a public highway may be now or hereafter used over such discontinued or abandoned highway to the nearest or most accessible highway, provided such right-of-way has not been acquired in conjunction with a limited access highway."

Our Supreme Court has stated that "[t]he effect of § 13a-55 is to alter the common law consequences of the discontinuance of a public highway. While, before the statute, discontinuance extinguished both the public easement of travel and the private easement of access . . . after the statute, the public easement ceases but the private easement remains. The abutting owners now continue to have an easement of access over the discontinued highway." (Internal quotation marks omitted.) *Tighe* v. *Berlin*, 259 Conn. 83, 88, 788 A.2d 40 (2002). Thus, when Old Huckleberry Hill Road was statutorily discontinued, property owners, such as the plaintiff, who owned land abutting the road, continued to have a private right of access over Old Huckleberry Hill Road. See id. The public right of travel over Old Huckleberry Hill Road terminated when the road was discontinued. See id., 89. "Section 13a-55 does not purport to reinstate that right of public access." Id.

As previously stated, the regulations require that in order for a permit to be issued, the parcel must abut a public street. Section 13a-55 grants the plaintiff a private right of access over Old Huckleberry Hill Road and does not purport to reinstate a right of public access. Accordingly, we conclude that the court correctly determined that the plaintiff did not meet its burden of showing that the board erred in determining that the plaintiff's property does not have frontage on a public street.

The judgment is affirmed.

In this opinion the other judges concurred.